UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDSAY HELD, on behalf of himself and all others similarly situated, | Civil Action No.    **311CV0105 JBA** |
| Plaintiff, | |
| v. | COMPLAINT |
| AAA SOUTHERN NEW ENGLAND, | January 19, 2011 |
| Defendant. | |

Plaintiff Lindsay Held ("Held" or "Plaintiff"), by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for his Complaint against Defendant AAA Southern New England ("AAA SNE" or "Defendant"), alleges, with personal knowledge as to his own actions and upon information and belief as to those of others, as follows:

## NATURE OF THE ACTION

1.   This action seeks to redress the injury-in-fact and loss of money that AAA SNE members (like Lindsay Held) suffer when they pay to renew their annual memberships with AAA SNE and receive less than a full annual membership in return.  As set forth more fully below, when a membership is renewed *after* its expiration, AAA SNE has an undisclosed, unfair and unlawful business practice of backdating the renewal membership to the expiration date of a member's prior period of membership.  Thus, for example, an AAA SNE member (like Lindsay Held) who renews his membership 1 month after it has expired receives only 11 months of membership privileges in return, despite paying a full, 12-month annual fee to renew his AAA SNE membership.  By this action, Plaintiff seeks to recover the millions of dollars in membership revenue which AAA SNE has collected, but for which AAA SNE members have not received any corresponding membership privileges or services, and to enjoin this unfair, deceptive, and unlawful business practice from continuing in the future.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Jurisdiction is proper because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs and (2) the named Plaintiff and the Defendant are citizens of different states.  28 U.S.C. §1332(d)(2)(A).

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because the named Plaintiff and many members of the putative class reside in the District of Connecticut.

## THE PARTIES

4.   Plaintiff Lindsay Held is a resident of the State of Connecticut.  He resides in Ridgefield, Connecticut, which is located in Fairfield County. The members of the Class, as defined below, are current and former members of AAA SNE who, at least once during the relevant time period, paid full annual fees to AAA SNE after the expiration of their prior membership terms, and had their memberships backdated to on or about the prior expiration dates.  As a result, the Class members paid full annual membership fees but were granted less than a full 12-month renewal term by AAA SNE in return.

5.   Defendant AAA SNE is a corporation organized under the laws of the State of Delaware, with its main office located at 110 Royal Little Drive, Providence, Rhode Island 02904.  According to AAA SNE's Internet website, www.sne.aaa.com, AAA SNE maintains 41 branch offices: 7 branches in Connecticut, serving New Haven, Fairfield and Litchfield Counties; 10 branches in Rhode Island, serving the entire state; and 24 branches in Massachusetts, serving Bristol, Middlesex (except the towns of Billerica, Chelmsford, Dracut, Dunstable, Lowell City, Tewksbury, Tyngsboro, and Westford), Worcester, Berkshire, Plymouth, Dukes, Nantucket, Suffolk, Barnstable, Norfolk, and Essex (except the towns of Amesbury, Andover, Boxford, Georgetown, Groveland, Haverhill City, Lawrence City, Merrimack, Methuen, Middleton, Newbury, Newburyport, North Andover, Rowley, Salisbury, Topsfield, and West Newbury) Counties.

2

6.   More than 2.7 million residents of Connecticut, Rhode Island, and Massachusetts are dues-paying members of AAA SNE.

7.   AAA SNE is affiliated with non-party AAA (formerly known as the American Automobile Association), an association of automobile "clubs" with approximately 51 million members in the United States and Canada.  AAA SNE is the fifth largest "club" in the AAA constellation.

## THE OPERATIVE FACTS

8.   AAA SNE's corporate purpose is "to maintain a service organization for persons who own or are otherwise interested in automotive vehicles."  AAA SNE provides its members with roadside assistance such as vehicle tows, changing a flat tire, jump-starts, battery replacement service, and auto glass repair and replacement.  Through its affiliation with the national AAA organization, AAA SNE provides its members with tour books and maps, travel specials and deals, passport photo services, and discounts and special rates on financial products, retail purchases, and attractions, among other things.

9.   Held is an AAA SNE member in good standing, whose membership is designated as membership number *****7000.  Held first purchased his membership in or about 2004, and he has renewed it periodically since that time.  Held purchased an associate membership for his wife Julie in or about 2008, and he has renewed that membership periodically since that time as well.

10.  On or about February 7, 2010, Held paid AAA SNE the full annual renewal fee for both himself and his wife for another year of membership privileges and services.  Held reasonably expected that their memberships would remain active through the calendar anniversary of the date of his renewal.  Unbeknownst to Held, however, instead of providing 12 full months of membership benefits and services commencing on the transaction date, AAA SNE backdated Held's new period of membership to the prior expiration date such that their renewed memberships expired on January 1, 2011, not twelve months following the renewal transaction date – on or about February 7, 2011.

11. As a result of AAA SNE's backdating policy, Held was compelled to pay membership fees for a 52 week period, although he only received approximately 47 weeks of membership privileges in return.

12. On at least this occasion, in violation of his contractual rights and his rights under Connecticut law, AAA SNE deprived Held of a portion of the annual membership renewal that he had purchased. On this occasion, Held paid for a full 12-month term of membership but was granted less than 12 months of membership privileges in return. As a result, Held lost approximately $8.82 of the $87 cost of the 2010-2011 memberships for himself and his wife.

13. AAA SNE did not inform Held at the time of his initial membership purchase that membership periods that are purchased after the prior expiration date are backdated to on or about the prior expiration date. AAA SNE does not disclose its backdating policy in any of its membership materials or in any of the terms and conditions of membership.

14. AAA SNE offers three types of paid memberships, designated "Primary Membership," "Associate Membership," and "AAA Plus Membership." A fourth membership, "Insider Membership," is a free membership for children ages 13 to 15 and 9 months. The basic, regular membership in AAA SNE is the Primary Membership. Primary Membership provides the named member with all the standard privileges, benefits and services offered by the Club, as described in the Member Handbook. For Connecticut members, a Primary Membership costs $58 per year. An additional one-time enrollment fee of $10 is charged when the Primary Membership is first opened by a Connecticut member. If Road Service is used on the same day a member first joins AAA SNE, a $30.00 fee for service is charged.

15. An Associate Membership is available to other persons of driving age living in the same residence as the Primary Member. There must be a Primary Membership in the household before an Associate Member may enroll. The Associate Member receives a separate membership card and is entitled to all the privileges, benefits and services available to the Primary Member, but at a reduced rate. The only exception is that Associate Members do not receive the Club publication, AAA Horizons, as only one copy is mailed to each household.

Associate Members pay a fee of $28 per year in Connecticut. No enrollment fee is charged for Associate Members.

16. For Massachusetts and Rhode Island members, a Primary Membership costs $52 per year, plus an additional one-time enrollment fee of $11 is charged when the Primary Membership is first opened. An Associate Membership in Massachusetts and Rhode Island costs $28 per year.

17. The third type of membership is AAA Plus Membership. This membership is available only to a person who has been an existing member for at least one year. Additionally, the member must not have exceeded the maximum road service usage in any one of the last three years of membership years, and must enroll all AAA members in the household in Plus coverage. AAA Plus membership provides an optional, enhanced benefit package of certain AAA services most requested by Club members, including expanded free towing coverage up to 100 miles, emergency lock and key service up to $100, non-AAA road service reimbursement, and free fuel and rescue service, among other things. The additional annual fee is not specified, and members are directed to contact the Membership Department by phone at 1-800-JOIN-AAA to check for eligibility. Connecticut members who contact the Membership Department are told that AAA Plus Membership costs $98 per year.

18. AAA SNE's policy and practice of backdating memberships that are purchased after the expiration of the prior membership year apply in an identical manner to the three types of paid membership.

19. On its Internet website and through other promotional media, AAA SNE offers to sell one-year initial memberships and one-year renewal memberships. The annual membership dues charged for the primary and associate memberships are the same for both initial and renewal terms. Although AAA SNE charges a $10 "one-time enrollment fee" for Connecticut members (or $11 for Rhode Island and Massachusetts members) along with a member's first year dues, this "one-time enrollment fee" does not apply to renewal memberships.

20. AAA SNE's Internet website extols the benefits of membership on its web page (www.sne.aaa.com) entitled "Join AAA Today & Save Everyday."

21. AAA SNE's membership fees are set forth under that heading. The disclosure of AAA SNE's membership fees for Connecticut members states in full:

**Join AAA Today & Save Everyday**

Join AAA Today and start taking advantage of your benefits right away. Check out a sampling of what a membership offers over 2 million members in Connecticut, Massachusetts & Rhode Island.

| Membership Type | Price |
|---|---|
| Primary Basic Membership*<br>(Plus addt'l one-time $10 enrollment fee) | $58 |
| Associate Membership<br>(Add'l Members in Household) | $28 |
| <u>Insider Membership</u><br>(For ages 13-15 and 9 mos.) | FREE |

*A one-time $10 enrollment fee will be charged to any primary basic membership. Rates applicable in CT. <u>View MA & RI rates.</u>

22. The disclosure of AAA SNE's membership fees for Rhode Island and Massachusetts members states in full:

**Join AAA Today & Save Everyday**

Join AAA Today and start taking advantage of your benefits right away. Check out a sampling of what a membership offers over 2 million members in Connecticut, Massachusetts & Rhode Island.

| Membership Type | Price |
|---|---|
| Primary Basic Membership*<br>(Plus addt'l one-time $11 enrollment fee) | $52 |
| Associate Membership<br>(Add'l Members in Household) | $28 |

Insider Membership                                FREE
(For ages 13-15 and 9 mos.)

*A one-time $11 enrollment fee will be charged to any primary basic
membership.  Rates applicable in MA & RI.  View CT Rates.

23. Just below the subsection **Member e-newsletter** is the following disclosure:

*If Road Service is used on the same day you join, you will be charged a
$30.00 fee for service.  **An additional one-time enrollment fee will be
charged to any primary basic membership.  **All pricing is based on a one-
year membership.**  (Emphasis added).

24. Despite the references to "AAA," these disclosures are clearly made by AAA SNE --

not by AAA -- and they clearly refer to the annual fees charged by AAA SNE.  Other constituent

"clubs" of AAA have their own web sites, set their own fee schedules, and are not at issue in this

action.

25. The above disclosures state -- and a reasonable consumer would understand them to

mean that -- (a) the initial and renewal terms of AAA SNE membership are good for one year;

and (b) the only payment required to obtain the privileges and benefits of AAA SNE

membership for a full one-year renewal term is the annual membership fee.

26. The AAA SNE website does not disclose – and a reasonable consumer would not

understand it to mean – that a "renewal" term purchased after the expiration of the prior

membership is backdated so that the member receives less than a full year of membership

benefits and services in exchange for the payment of a full annual membership fee.  Nor would a

reasonable consumer expect to be charged a new enrollment fee when renewing his or her

membership after its prior expiration.

27. The www.sne.aaa.com website, including the AAA Southern New England Member

Handbook (which is accessed through the Membership tab and then the Benefits tab on the

website), purports to set forth all relevant terms and conditions of AAA SNE membership.  But

nowhere does the website disclose – and a reasonable consumer would not understand the

website disclosures to mean – that a "renewal" term purchased after the expiration of the prior

membership is backdated so that the member receives less than a full year of membership

benefits in exchange for the payment of a full annual membership fee.  No page of AAA SNE's website, nor any other publication issued by AAA SNE, adequately discloses this policy.

28.  AAA SNE does not provide adequate notice of its backdating policy for membership renewals.  Moreover, AAA SNE does not obtain the consent or approval of its members to backdate their renewals to the prior expiration date.  Consequently, AAA SNE's backdating policy is completely unauthorized by the standard membership agreement that governs all AAA SNE memberships, and is a deceptive and improper practice in violation of Connecticut law and the substantially similar laws of Massachusetts and Rhode Island.

## CLASS ACTION ALLEGATIONS

29.  Plaintiff brings this action on his own behalf and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The action is brought on behalf of a class (the "Class") comprising all persons who, at any time on or after January 19, 2005, purchased and paid for a new term of AAA SNE membership after their prior membership term expired, and whose new membership term was deemed by AAA SNE to have begun on or about the prior expiration date.

30. Excluded from the Class are AAA SNE; any parent, subsidiary, or affiliate of AAA SNE; any entity in which AAA SNE has or had a controlling interest, or which AAA SNE otherwise controls or controlled; and any officer, director, employee, predecessor, successor, or assignee of AAA SNE.

31.  This action is brought as a class action for the following reasons:

  a.      The Class consists of at least tens of thousands of persons and is therefore so numerous that the joinder of all members, whether otherwise required or permitted, is impracticable.

  b.      Questions of law or fact common to the Class predominate over any questions affecting only individual members, including:

    i.      Whether AAA SNE has a generally applicable policy and practice of backdating memberships that are renewed after a lapse of time;

8

ii.      Whether AAA SNE's policy of backdating such renewal memberships is adequately disclosed to the Class;

iii.      Whether AAA SNE's Primary, Associate or AAA Plus membership contracts authorize AAA SNE to backdate such renewal memberships;

iv.      Whether AAA SNE's website, including its Membership Handbook and terms and conditions of membership, or other publications, adequately disclose or explain the backdating policy;

v.      Whether AAA SNE's failure to grant 12 full months of membership privileges in exchange for a full annual fee is a breach of its membership contracts;

vi.      Whether AAA SNE has been enriched by its policy and practice of collecting membership fees for time periods when its members do not receive any of the privileges or services of AAA SNE membership;

vii.      Whether such enrichment was at the expense of consumers;

viii.      Whether such enrichment was unjust;

ix.      Whether AAA SNE should be prevented from retaining the payments made by consumers for time periods when they were not granted the benefits and services of AAA SNE membership;

x.      Whether AAA SNE's policy and practice of granting less than 12 months of membership privileges in exchange for a full annual membership fee is deceptive, misleading, unlawful, or improper;

xi.      Whether AAA SNE's actions alleged herein constitute violations of the Connecticut Unfair Trade Practices Act and the substantially similar unfair trade practices statutes of Massachusetts (M.G.L.A. 93A §9 *et seq.*) and Rhode Island (R.I. Gen. Laws §6-13.1-1 *et seq.*);

xii.      Whether members of the Class have sustained damages and, if so, the proper measure of damages to be applied to the Class members' claims; and

        xiii.    Whether AAA SNE should be enjoined from continuing the unlawful policy and practice of backdating memberships that are renewed after the expiration of the prior membership period.

        c.    The claims asserted by Plaintiff are typical of the claims of the members of the Class.

        d.    Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class action litigation and complex litigation, including consumer class actions.

        e.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

        i.    Absent a class action, Class members as a practical matter will be unable to obtain redress; AAA SNE's violations of its legal obligations will continue without remedy; additional consumers and AAA SNE members will be harmed; and AAA SNE will continue to retain its ill-gotten gains;

        ii.    Given the relatively small amount of individual damages, it would be a substantial hardship and uneconomical for individual members of the Class to retain counsel and prosecute individual actions;

        iii.    When the liability of AAA SNE has been adjudicated, the Court will be able to determine the claims of all members of the Class;

        iv.    A class action will permit an orderly and expeditious administration of the Class members' claims, foster economies of time, effort, and expense, and ensure uniformity of decisions; and

        v.    The lawsuit presents no difficulties that would impede its management by the Court as a class action.

        f.    The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for AAA SNE and of inconsistent or varying adjudications for all parties.

g.      AAA SNE has acted on grounds generally applicable to the Class members, making class-wide monetary and injunctive relief appropriate to deter and enjoin AAA SNE from engaging in deceptive and unconscionable conduct in the future.

## FIRST CLAIM

### (Breach of Contract)

32.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-31 above as if fully set forth herein.

33.  AAA SNE enters into a standard form consumer contract with its members whereby AAA SNE agrees to provide a full year of benefits and services to its members in exchange for the payment of an annual fee for each of the three categories of paid membership – Primary Membership, Associate Membership, and AAA Plus Membership.  For each category of paid membership, AAA SNE charges the same annual fee, and promises to provide the same benefits and services, for initial and renewal memberships.

34.  AAA SNE offers, on its Internet site and elsewhere, to enter into a binding and enforceable contract with consumers.  The contract is formed when a particular AAA SNE member's annual membership fee is submitted and accepted by AAA SNE.

35.  The member's payment and AAA SNE's promise to provide member benefits and services for a period of one year constitute valid consideration.

36.  The terms of AAA SNE's membership contract are set forth in the "Membership Handbook" made available on AAA SNE's website.

37.  Plaintiff entered into a contract with AAA SNE on or about February 7, 2010 by paying $87 for an annual membership fee for himself as a Primary Member and for his wife as an Associate Member.

38.  AAA SNE breached the contract referenced in the previous paragraph by providing Plaintiff with less than 12 months of membership benefits and services (i.e., from  February 7, 2010 to January 1, 2011) in exchange for his payment of the full annual membership fee.

39.  Plaintiff was damaged as a result of AAA SNE's breach of the contract formed on or about February 7, 2010.  In particular, Plaintiff suffered a loss of money equal to the value of the period of membership for which he paid but did not receive any corresponding privileges of membership  -- i.e., a period of 37 days.  Plaintiff's losses total approximately $8.82.

40.  AAAA SNE entered into a valid and enforceable contract with every member of the Class.  Each such contract was a standard form consumer contract, containing the same language and in each case providing the member with the right to enjoy a full year of AAA SNE membership in consideration for the payment of a full annual renewal membership fee.

41.  AAA SNE breached the contract of every Class member in identical or substantially similar fashion, and all Class members were damaged in identical or substantially similar fashion when  AAA SNE deprived them of some portion of the annual AAA SNE memberships that they purchased and paid for in full.

42.  AAA SNE does not negotiate the terms of its membership contracts individually with each Class member, but requires all Class members to accept its published terms and conditions as drafted and set forth unilaterally by AAA SNE in the Membership Handbook and elsewhere.

43.  Plaintiff and the Class members have never agreed or assented, in the membership contract or anywhere else, to have their renewal memberships backdated in the manner alleged herein, or to accept less than a full year of membership privileges in exchange for payment of a full annual membership fee.

## SECOND CLAIM

### (Violation of Connecticut Unfair Trade Practices Act ("CUTPA")

### C.G.S. §42-110b, *et seq.*

### Unfair Practices -- and the Substantially Similar Unfair Trade Practices Statutes of Massachusetts and Rhode Island)

44.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-43 above as if fully set forth herein.

45.  Section 42-110b(a) of the Connecticut General Statutes provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

46. AAA SNE's conduct, as alleged herein, constitutes an unfair act in the conduct of a trade or commerce because AAA SNE, by and through its backdating practices, is systematically cheating plaintiff and class members of the full 12-month renewal memberships which they purchased.

47.  AAA SNE's unlawful and unfair business practices include, but are not limited to the following:

     a.    Providing less than 12 months of membership privileges to consumers who pay a full annual fee to purchase a term of AAA SNE memberships after the expiration of their prior membership terms;

     b.    Charging and collecting membership fees or dues covering a one year time period and then failing to provide membership services or privileges for that full one year time period.

48.  Said practices committed by AAA SNE are immoral, unethical, oppressive and/or unscrupulous.

49.  Any purported justification for AAA SNE's conduct is outweighed by the gravity of the harm to Plaintiff and the Class members.

50.  The foregoing acts of AAA SNE constitute unfair business practices under CUTPA, C.G.S. §42-110b(a) and the substantially similar unfair trade practice statutes of Massachusetts and Rhode Island.

51.  Defendant AAA SNE's conduct as alleged in this cause of action is an intentional and wanton violation of Plaintiff's rights and the rights of the members of the Class, or has been done with a reckless indifference to those rights.

52.  Pursuant to C.G.S. Section 42-110g, Plaintiff and the Class members have suffered an ascertainable loss of money or property as a result of AAA SNE's unfair acts, as alleged

herein.  By virtue of the foregoing unfair acts in the conduct of trade or commerce, Plaintiff and the members of the Class have been substantially injured.

### THIRD CLAIM

**(Violation of Connecticut Unfair Trade Practices Act ("CUTPA")**

**C.G.S. §42-110b, *et seq.***

**Deceptive Acts and Practices – and the Substantially Similar Unfair Trade Practices Statutes of Massachusetts and Rhode Island)**

53.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-52 above as if fully set forth herein.

54.  AAA SNE's acts, practices, omissions, failures to disclose, and course of conduct in providing less than a full 12 months of membership privileges in exchange for payment of a full annual membership fee, without adequate notice or consent, constitute deceptive acts and practices in the conduct of a trade or commerce  in violation of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110b, *et seq.*, by:

    a.    Deceiving consumers by failing and omitting to disclose that "renewal" membership terms purchased after the expiration of the prior membership period are backdated to the prior expiration date, and thus constitute less than a full year of renewal membership; and

    b.    Charging and collecting membership fees or dues covering time periods as to which no membership privileges and services are provided.

55.  The foregoing acts of AAA SNE constitute deceptive acts or practices under CUTPA, C.G.S. §42-110b(a) and the substantially similar unfair trade practice statutes of Massachusetts and Rhode Island.

56.  Defendant AAA SNE's conduct as alleged in this cause of action is an intentional and wanton violation of Plaintiff's rights and the rights of the members of the Class, or has been done with a reckless indifference to those rights.

14

57.  Pursuant to C.G.S. Section 42-110g, Plaintiff and the Class members have suffered an ascertainable loss of money or property as a result of AAA SNE's deceptive acts or practices, as alleged herein.  By virtue of the foregoing unfair acts in the conduct of trade or commerce, Plaintiff and the members of the Class have been substantially injured.

## FOURTH CLAIM

### (Unjust Enrichment)

58.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-57 above as if fully set forth herein.

59.  Plaintiff and the Class members have conferred benefits upon AAA SNE by paying membership fees in connection with "renewal" transactions that were consummated after the expiration of their prior membership terms.

60.  AAA SNE has retained the monies paid by Plaintiff and the Class members in connection with these transactions, and did not provide Plaintiff and the Class members with commensurate benefits or services.  Specifically, AAA SNE has deprived Plaintiff and the Class members of a portion of the 12-month membership terms that they have purchased.

61.  AAA SNE has collected full annual membership fees from Plaintiff and the Class members and granted them less than 12 months of membership privileges and services in return without adequate disclosure or consent.

62.  In the circumstances alleged herein, it is inequitable for AAA SNE to retain the fees paid by Plaintiff and the Class members for time periods as to which no membership benefits or services were granted.

63.  AAA SNE has unjustly enriched itself by collecting and retaining membership fees from Plaintiff and the Class members for time periods as to which no membership benefits or services have been provided, and by doing so without adequate disclosure and consent.  In equity and good conscience, AAA SNE is required to provide a full year of membership privileges to Plaintiff and the Class members in exchange for the full annual renewal membership fees that they have paid in connection with these transactions.

64.   AAA SNE has been unjustly enriched by the course of conduct alleged herein, including by AAA SNE's unfair, unlawful, and fraudulent practice of backdating memberships that are purchased after the expiration of the prior membership period.

65.   AAA SNE is not entitled to keep the monies improperly retained through its undisclosed membership backdating practices and policies.

66.   Plaintiff and the Class members seek an Order of restitution from AAA SNE and request an Order of this Court requiring AAA SNE to disgorge the revenues retained by AAA SNE as a result of its wrongful conduct, plus attorney's fees, expert fees, interest, expenses, disbursements, and costs.

67.   AAA SNE lacks any legal justification for having engaged in a course of unfair, unlawful, and fraudulent acts as alleged herein at the expense of Plaintiff and the Class members.

68.   No other remedy at law can adequately compensate Plaintiff and the Class members for the damages resulting from AAA SNE's course of unfair, unlawful, and fraudulent conduct.

69.   Plaintiff and the Class are entitled to restitution or disgorgement of all membership fees collected by AAA SNE in connection with periods of "renewal" memberships as to which no membership benefits were granted.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on behalf of himself and the members of the putative Class as defined herein on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the putative Class, prays for judgment and relief as follows:

1.   Certifying, as soon as practicable, that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as defined above.

2.   Compensatory damages for breach of contract and pursuant to C.G.S. §42-110g(a) for AAA SNE's violations of the Connecticut Unfair Trade Practices Act and the substantially similar unfair trade practice statutes of Rhode Island and Massachusetts.

3.  Disgorgement of all revenues and benefits received or obtained by AAA SNE as a result of its wrongful conduct.

4.  Punitive damages pursuant to C.G.S. §42-110g(a) and/or 52-240(a), the substantially similar unfair trade practice statutes of Rhode Island and Massachusetts, and/or common law.

5.  The granting of a temporary and permanent injunction against AAA SNE's continued violations of the Connecticut Unfair Trade Practices Act and the substantially similar unfair trade practice statutes of Rhode Island and Massachusetts.

6.  An Order awarding Plaintiff interest, costs and attorneys' fees.

7.  Such other and further legal and equitable relief as this Court deems just and proper.

DATED:  January 19, 2011

THE PLAINTIFFS
MEISELMAN, DENLEA, PACKMAN,
    CARTON & EBERZ, P.C.


By: _____
    JEFFREY I. CARTON
    ROBERT J. BERG