UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDSAY HELD, on behalf of himself and all others similarly situated, | : : : : |
| Plaintiff, | : : : |
| v. | Civil Action No. 3:11-cv-0105-SRU |
| AAA SOUTHERN NEW ENGLAND, | : : : |
| Defendant. | : : : |

**PLAINTIFF'S NOTICE OF MOTION FOR CLASS CERTIFICATION**

PLEASE TAKE NOTICE THAT upon the Class Action Complaint, the accompanying Plaintiff's Memorandum of Law in Support of Motion for Class Certification, ("Memorandum of Law"), Declaration of Jeffrey I. Carton ("Carton Declaration") and the exhibits thereto, Declaration of Robert J. Berg ("Berg Declaration") and the exhibits thereto, and for good cause shown, Plaintiff Lindsay Held by and through undersigned counsel, respectfully moves this Court, before the Honorable Stefan R. Underhill, United States District Judge, on the fourth floor in Courtroom 1, Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard - Suite 411, Bridgeport, Connecticut, on a date and time to be set by the Court, for an Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3): 1) certifying a class of:

> All persons who, at any time on or after January 19, 2005, purchased and paid for a new term of AAA SNE membership after their prior membership term expired, and whose new membership term was deemed by AAA SNE to have begun on or about the prior expiration date. Excluded from the Class are AAA SNE; any parent, subsidiary, or affiliate of AAA SNE; any entity in which AAA SNE has or had a controlling interest, or which AAA SNE otherwise controls or controlled; and any officer, director, employee, predecessor, successor, or assignee of AAA SNE.

>AAA SNE includes any predecessor or successor entities, including the Connecticut Motor Club which merged with AAA SNE on July 1, 2008.

2) certifying Plaintiff as Class Representative; and 3) appointing Meiselman, Denlea, Packman, Carton & Eberz P.C. ("MDPCE") as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

  As more fully discussed in the accompanying Memorandum of Law, Carton Declaration and Berg Declaration, this class action satisfies all of the Rule 23 prerequisites for certification of a class.  Specifically, the Class is sufficiently numerous to make joinder impracticable, there are questions of law and fact common to the Class, Plaintiff's claims are typical of the Class, and Plaintiff will fairly and adequately protect the interests of the Class.  In addition, the questions of law and fact common to the Class predominate over any issues affecting individual Class members, and the class action procedure is the superior method of resolving the claims and defenses in this action.  Moreover, MDPCE will fairly and adequately represent the Class and should be appointed Class Counsel.

Dated: White Plains, New York
    February 15, 2012

                 MEISELMAN, DENLEA, PACKMAN,
                 CARTON & EBERZ P.C.

            By:  /S/ *Jeffrey Carton*_____
               Jeffrey I. Carton
               Robert J. Berg
               1311 Mamaroneck Avenue
               White Plains, New York 10605
               (914) 517-5000
               (914) 517-5500 (facsimile)

               *Attorneys for Plaintiff and the Class*