UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------x
LINDSAY HELD, on behalf of himself and   :    Civil Action No. 3:11-cv 00105-SRU
all others similarly situated,              :

                      :
                 Plaintiff,   :
                      :
     -   against -        :    **AFFIRMATION OF**
                      :    **JEFFREY I. CARTON, ESQ**
                      :    **IN SUPPORT OF FINAL APPROVAL OF**
                      :    **SETTLEMENT, ATTORNEYS' FEES AND**
AAA SOUTHERN NEW ENGLAND,   :    **EXPENSES AND INCENTIVE AWARD**
                      :
               Defendant.  :
--------------------------------------------------------x

      JEFFREY I. CARTON, an attorney duly admitted to practice law before the

Courts of the States of New York and Connecticut, hereby affirms the following to be true

under penalties of perjury.

      1.    I am an attorney duly licensed to practice law in the Courts of the States

of New York and Connecticut, and I am a member of the law firm of Denlea & Carton LLP

("D&C"), attorneys for plaintiff LINDSAY HELD and the settlement class for whom we have

previously been appointed as Class Counsel.

      2.    I have personal knowledge of the matters set forth in my affirmation based

upon my active involvement in the prosecution of this action over the past two and one-half

years and a review of the files in my firm's possession.

      3.    I respectfully submit this Affirmation in support of Plaintiff's Motion for

Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Incentive

Awards.  As set forth more fully below and in the accompanying Memorandum of Law, this

action is ripe for final approval.

## DESCRIPTION OF THE LITIGATION

### Factual Background

4.      AAA Southern New England ("AAA SNE"), is a not-for-profit Delaware corporation, with its headquarters located in Providence, Rhode Island.  AAA SNE is one of the regional motor club affiliates of the American Automobile Association, Inc.   AAA SNE serves over three million members in Rhode Island and Massachusetts, including Greater Boston, Worcester, Berkshire County, and Cape Cod, and in the following counties in Connecticut: New Haven, Fairfield, and Litchfield as well as the following counties in New Jersey: Morris, Essex and Union.  In addition to its roadside assistance programs, AAA SNE makes available to its members an array of travel, insurance, and financial products and services, as well as discount programs.

5.      AAA SNE offers three levels of paid memberships: Basic Membership, Plus Membership, and Premier Membership.  The Basic Membership provides members with all of the standard privileges, benefits, and services offered by AAA SNE.  Plus Membership, which provides upgraded privileges, benefits, and services, is available for an additional fee to a member in good standing.  Premier Membership, the highest level of membership, is available for a larger fee to a person who has been a Plus Member for at least one year and who has not incurred more than four service calls for the last two consecutive years.  An Associate Membership is available to other persons of driving age living in the same residence as the Basic, Plus or Premier Member.  There must be at least a Basic Membership in the household before an Associate Member may enroll, and an Associate Member receives a separate membership card and is entitled to all of the privileges, benefits, and services available, but at a reduced rate.

6.      Memberships, regardless of level, are for one year, and become active once payment is received.  A new member enrollment fee of $15 is charged to new Basic Members, and a new member enrollment fee of $5 is charged to new Associate Members.

**The Challenged Renewal Policy**

7.      AAA SNE generally sends renewal notices to all members before the expiration date of their annual memberships.  When AAA SNE members renew their memberships on or before the expiration date, they receive an additional twelve (12) months of membership privileges in exchange for their annual membership fee.  If an AAA SNE Member pays his or her renewal membership fee late within ninety (90) days after the expiration date, AAA SNE uses the original expiration date as the commencement date for the renewed membership.  For example, if a membership expires on January 1 and the member does not pay his or her membership renewal dues until March 31, AAA SNE will maintain his or her current expiration date of January 1. Thus, the member pays a full "annual" fee, but receives AAA SNE membership only for the next nine months, not twelve months, from the date the renewal fees are paid.  The Complaint alleges that AAA SNE has not adequately disclosed this policy to its members or the public.  Defendant has vigorously challenged Plaintiff's interpretation of the Renewal Policy.

8.      The Renewal Policy applies to all categories of AAA SNE membership, and has been in effect throughout the Class Period.  AAA SNE has confirmed that the policy is applicable to members who purchase a new "annual" term of membership within ninety (90) days after the prior expiration date.  After ninety days (90) have lapsed, AAA SNE members who pay an annual fee to rejoin AAA SNE generally are

3

not subject to the Renewal Policy, but instead receive twelve months of membership privileges commencing on the date they rejoin and pay a new member enrollment fee.

**Class Representative Lindsay Held**

9.      Mr. Held, a resident of Ridgefield, Connecticut, first joined AAA SNE in or about 2004, and he renewed his membership late periodically until 2011.  Mr. Held purchased an associate membership for his wife in or about 2008, and renewed that membership periodically as well.  On or about February 7, 2010, Mr. Held paid AAA SNE the full annual renewal fee for both himself and his wife, expecting that their memberships would remain active for twelve (12) months following the date of his renewal. Unbeknownst to Mr. Held, however, instead of providing twelve full months of membership commencing on the transaction date, AAA SNE used his prior expiration date as the commencement date for his renewal membership term.  Mr. Held's new period of membership provided him and his wife with twelve (12) months of membership from January 1, 2010, which was the date when their memberships had expired, rather than twelve (12) months of membership from the renewal date of February 7, 2010. Consequently, Mr. Held paid membership fees for a fifty-two (52) week period, although he only received approximately forty-seven (47) weeks of membership in return.  AAA SNE disputes this claim.

10.      Mr. Held filed this action alleging, inter alia, that AAA SNE does not adequately disclose the Renewal Policy to its members and collects membership dues for periods of time in which the member allegedly has no privileges of membership.

**Procedural History**

11.      Mr. Held filed this action as a class action on January 19, 2011.  AAA

SNE filed its Answer and Affirmative Defenses on March 4, 2011. The Parties then engaged in extensive discovery relating to both class certification and the merits. Initial disclosures were exchanged pursuant to Rule 26(a)(1); documents were requested and produced; and interrogatories were propounded and answered. AAA SNE's counsel deposed Mr. Held on June 17, 2011. After reviewing more than 100,000 pages of documents produced by AAA SNE and after reviewing AAA SNE's substantive responses to interrogatories, Plaintiff's counsel deposed five AAA SNE witnesses in Providence, Rhode Island. AAA SNE's Senior Vice President, Marketing, was deposed for three full days. Plaintiff's counsel also deposed AAA SNE's Chief Financial Officer, the President of AAA SNE's subsidiary, the Connecticut Motor Club, the head of customer relations, and the head of member services. At that point, fact discovery was closed. Only limited expert discovery related to damages issues remained.

12.     On February 15, 2012, Mr. Held filed his Motion for Class Certification and Appointment of Class Counsel, with a supporting brief, certifications, and exhibits. After vigorous and lengthy opposition by AAA SNE, and a reply by Mr. Held, the Court held a hearing on plaintiff's class certification motion on August 17, 2012. On September 12, 2012, the Court issued its Ruling and Order on Motion for Class Certification, *Held v. AAA Southern New England*, 2012 WL 4023367 (D. Conn. Sept. 12, 2012). The Court certified the proposed class, approved Mr. Held as class representative, and appointed Class Counsel.

13.     On September 26, 2012, AAA SNE moved in the Second Circuit Court of Appeals for leave to appeal the Court's decision certifying the action as a class action pursuant to Rule 23(f). Thereafter, on October 1, 2012, Defendant moved this Court for a

stay pending appellate resolution of Defendant's petition to appeal.  On October 11, 2012,

this Court denied Defendant's motion for a stay.  On January 30, 2013, the Second Circuit

Court of Appeals denied Defendant's motion for leave to appeal the class certification

order.

        14.     On February 1, 2013, this Court held a lengthy telephonic hearing to

discuss a plan to notify the class of the pendency of the certified class action and to

address Defendant's effort to reopen fact discovery.  The Court directed the parties to

submit a proposed notice of pendency and scheduling order.  The Court issued a

Memorandum of its rulings on February 4, 2013.  Following the February 1, 2013 Court

conference, the parties began serious settlement discussions culminating in the proposed

Settlement.

**Settlement Class Certification and Definition**

        15.     The Parties have agreed to settle this action on behalf of present

and former members of AAA SNE, affording relief to approximately two million present and

former AAA SNE members (and precluding future claims by class members against AAA

SNE on the same causes of action).   Accordingly, on the instant motion, Mr. Held

requests, and AAA SNE consents to, the certification of a Settlement Class defined as:

> All Persons who, at any time on or after January 19,
> 2005, renewed their AAA SNE membership and paid
> their renewal membership dues after expiration of their
> prior membership expiration date, and whose new
> membership term was deemed by AAA SNE to have
> begun on or about the prior expiration date.  Subject to
> the foregoing, the Class includes persons who were
> members of Connecticut Motor Club or AAA
> Merrimack Valley, Inc. and who otherwise fall within
> the definition of a Class Member.  The Class does not
> include persons who were members of New Jersey
> Automobile Club.  All federal judges and members of

their families within the first degree of consanguinity, and current and former employees, officers and directors of AAA SNE are excluded from the Class.

## II.      THE SETTLEMENT

### A.   Counsel Conducted Intense Arm's-Length Negotiations

16.      Following the Court conference referenced above, counsel for the parties began settlement discussions.  D&C and AAA SNE's counsel held exploratory telephonic settlement discussions which were followed by an all-day, in-person meeting in New York on February 28, 2013 at which AAA SNE's General Counsel participated.  At that meeting, D&C outlined its view of the merits of the case and made an initial settlement demand.  AAA SNE's counsel discussed their view of the case, and made a counter-proposal.  Contentious but productive discussions continued well into the afternoon, and the parties adjourned so that AAA SNE could gather additional factual information requested by D&C.  Because the settlement discussions were productive, the parties agreed to re-convene and continue discussions the following week.

17.      Counsel for the parties met again in New York on March 6, 2013 for another day-long round of contentious settlement discussions.  By the end of the day, after the exchange of numerous proposals and counterproposals, counsel were able to agree upon the terms of a proposed Settlement.  Upon the signing of a Term Sheet, the parties notified the Court of the proposed Settlement.

18.      As described below, the Settlement includes tangible economic benefits to Settlement Class members whose memberships were affected by the Renewal Policy during the Class Period, and provides a revised and clarified disclosure of AAA SNE's Renewal Policy.

B.     Terms of the Proposed Settlement

19.     The complete terms of the Settlement are set forth in the Settlement Agreement.  In summary, pursuant to the Settlement, AAA SNE will provide the substantial economic benefits to the Settlement Class outlined below.  Many Class Members who are currently AAA SNE members will receive thirty (30) or sixty (60) membership days added to the end of their next renewal membership.  Many Class Members who are former AAA SNE members will be able to rejoin AAA SNE without paying the new member enrollment fee and will receive thirty (30) or sixty (60) membership days added to the end of their new membership.  The economic benefits of the Settlement are reasonably calculated to be worth in excess of $6 million.

20.     The Settlement also provides for substantial non-economic benefits. Importantly, AAA SNE will clarify its Renewal Policy in its Member Handbook (or other AAA SNE equivalent literature which sets forth membership terms and conditions), on its website, and in the first reminder mailing sent to members whose memberships have just expired.  AAA SNE commits to maintaining these new disclosures for not less than three years.

21.     In return for the benefits provided to Class Members under the Settlement, AAA SNE will receive a release of all claims relating to its Renewal Policy on behalf of the Settlement Class.

1.     Economic Consideration

22.     Under the Settlement, AAA SNE will provide in excess of $6 million worth of extended membership terms to more than one million members of the Settlement Class.  Eligible class members will receive either thirty (30) or sixty (60) days of additional membership privileges, depending on how long a period of membership they allegedly lost

8

as a result of the Renewal Policy. The economic relief a Class Member receives will be determined by the number of days a Class Member paid his or her membership dues past the expiration date during the Class Period. If a Class Member has renewed late multiple times, an average of the Class Member's Days Late will be used ("Average Days Late"). Once a Class Member's Days Late or Average Days Late has been determined, Class Members will be placed in the following categories and receive the corresponding additional membership days:

> Current and former AAA SNE members who renewed late between zero (0) and fifteen (15) days will receive zero (0) additional membership days.

> Current and former AAA SNE members who renewed late between sixteen (16) and forty-five (45) days will receive thirty (30) additional membership days.

> Current and former AAA SNE members who renewed late forty-six (46) or more days will receive sixty (60) membership days.

> Current AAA SNE members will have their additional membership days added to the end of their next membership renewal period.

> Former AAA SNE members will have their additional membership days added to the end of their new membership period once they rejoin as part of this Settlement, and also will not be charged an enrollment fee.

23. Importantly, qualifying current AAA SNE members will automatically be provided with their additional membership days at the end of their current memberships when they next renew. *Those class members will not have to file a claim form in order to obtain their additional membership days. Rather, the settlement benefits will be self-effectuating, restoring valuable membership days to Class Members who were allegedly previously deprived of periods of their membership.* In addition, the expiration date of the renewed membership will occur at the end of the renewal period, plus the additional period of membership days provided by the Settlement. Qualifying former AAA SNE members will receive their additional membership days when they rejoin, and those days will be

added to the end of their new twelve-month membership.  Moreover, former AAA SNE members who rejoin pursuant to this Settlement will have the normal $15 enrollment fee (or $5 enrollment fee for associate members) waived by AAA SNE.

24.     Class Members who renewed between zero (0) and fifteen (15) days late receive no additional membership days for three reasons.  First, when a person joins AAA SNE as a new member, he or she is given an expiration date twelve (12) months from either the 15th of the month or the last day of the month he or she joins, depending upon the calendar day the new member joins.  Thus, in their first year of membership, new members may receive up to fifteen (15) days of additional membership beyond the twelve-month membership for which he or she paid.  Second, AAA SNE provides a grace period during the first fifteen (15) days post-membership expiration.  During that fifteen-day grace period, AAA SNE members whose memberships have expired are provided with free roadside assistance, regardless of whether they ever renew or not.  They are also provided with all of the other privileges and benefits of membership.  Third, many Class Members who renew "late" during the zero (0) to fifteen (15) day post-membership expiration window may well have not, in fact, renewed late.  They may have mailed their renewals in a timely fashion, but those renewals may not have been received by AAA SNE until several days or more after their membership expiration date.  Moreover, AAA SNE processes mailed-in renewals by hand.  Several days may pass before such renewals have been manually processed and entered into AAA SNE's database.

25.     The following tables show the number of Settlement Class members who will qualify for extended periods of AAA SNE membership as a result of the Settlement, and the aggregate value of this component of the economic consideration to be provided:

10

### Current AAA SNE Members

| Time Between Expiration and Post-Expiration Renewal Date | Number of Members | Approximate Remedy Value | Aggregate Value |
|---|---|---|---|
| 16-45 days | 697,812 | 30 days additional membership: $4.26 | $2,970,717 |
| 46 days or more | 162,652 | 60 days additional membership: $8.28 | $1,346,250 |
| | | Subtotal: | $4,316,967 |

### Former AAA SNE Members

| Time Between Expiration and Post-Expiration Renewal Date | Number of Members | Approximate Remedy Value | Aggregate Value |
|---|---|---|---|
| 16-45 days | 241,456 | 30 days additional membership: $3.93 | $949,335 |
| 46 days or more | 100,537 | 60 days additional membership: $7.77 | $781,540 |
| | | Subtotal: | $1,730,875 |
| Waiver of $15 enrollment fee | 341,993 | $15/former member | $5,129,895 |
| | | Total Value: | $11,177,737 |

In total, the economic relief provided directly to Settlement Class Members in the form of additional membership days is in excess of $6 million, and will be offered to more than one million current and former AAA SNE members.

> 2.      Non-Economic Relief

26.      The Class Representative's goal in filing the Complaint was not solely to

recover damages on behalf of the Settlement Class members.  An equally important goal was to obtain clear and specific disclosure of AAA SNE's Renewal Policy. Through the Settlement, the Parties have agreed on a course of action that achieves that goal. AAA SNE has agreed to include specific language describing the Renewal Policy in its Member Handbook (or equivalent literature) which is provided to all new members upon enrollment and on its website where the Member Handbook (or equivalent) can be readily found online.  Moreover, AAA SNE will include clarifying language about its Renewal Policy in the first communication mailed to members whose membership has just expired.  AAA SNE will maintain these "curative" disclosures for not less than three (3) years.  These disclosures ensure that AAA SNE is not committing a deceptive trade practice as alleged in the Complaint, and also make it clear that AAA SNE has specific contractual authorization to apply the Renewal Policy.  Thus, AAA SNE members going forward will receive specific notice, in unambiguous terms, of AAA SNE's Renewal Policy.

### 3.   Enhancement Award

27.   AAA SNE has agreed not to oppose an application to the Court for an Enhancement Award to Mr. Held in the amount of $25,000 in recognition of his substantial time, effort, and leadership in directing the course of the litigation, conferring with Class Counsel, reviewing pleadings and briefs, participating in discovery, preparing for his deposition, testifying at his deposition taken by AAA SNE's counsel, and appearing at the class certification hearing.  Further, AAA SNE has agreed to pay the Enhancement Award from its own resources, so that the award will not reduce or erode the benefits conferred upon the Settlement Class.

### 4.   Attorneys' Fees, Costs, and Expenses

28.   Pursuant to the Settlement, Class Counsel will move for an award of

attorneys' fees, costs, and expenses in the amount of $1.8 million.  AAA SNE has agreed

not to oppose, and to pay an award of up to $1.8 million in attorneys' fees, costs, and

expenses to Class Counsel in recognition of its energetic and skillful prosecution of the

action. AAA SNE will pay the attorneys' fees, costs, and expenses awarded by the Court

from its own resources, so that the award will not reduce or erode the benefits conferred

upon the Settlement Class.

C.    Considerations Underlying the Settlement

29.    Mr. Held and D&C have determined that the proposed settlement is

fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

That conclusion is based on an investigation into the claims and underlying events

and transactions alleged in the Complaint, legal research, evidence obtained in

discovery which was virtually complete before settlement negotiations began,

consultations with experts, and arguments made by both Parties relating to the

merits of the action.

30.    Mr. Held and D&C have a thorough understanding of the case.  While

they strongly believe that the claims asserted in the Complaint have merit, they also

recognize the uncertainties in any litigation.  There is no certainty that the Settlement

Class would prevail at trial, despite Mr. Held's and D&C's belief in the strength of their

position.

31.    Throughout the litigation, AAA SNE has consistently denied any

wrongdoing, and has maintained that its actions were lawful in all respects.

Moreover, AAA SNE's opposition to class certification raised a number of defenses

that, if accepted by the Court or a jury at trial, could limit the extent of a recovery by

the Class or prevent any recovery altogether.  Although Mr. Held and D&C believe

that AAA SNE's arguments lack merit, their decision to settle the action takes account of the risks that the fact-finders may conclude otherwise. Additionally, even if Mr. Held and the Settlement Class were to prevail, litigating the case through trial and possible appeal would take a considerable amount of time, perhaps years, in a case that has already been pending since January 2011.

32.     By contrast, the proposed Settlement has none of these drawbacks, and confers substantial and immediate benefits on the Settlement Class.  If the Court approves the proposed Settlement, compensation to Settlement Class members, and changes in AAA SNE's disclosure language about its Renewal Policy are assured rather than uncertain.  In particular, as noted above, the Settlement provides more than $6 million in direct economic benefits.  Specifically, Settlement Class Members will receive up to sixty (60) days of additional AAA SNE membership - appropriate consideration for a settlement of their claim that they were wrongly denied a portion of their membership renewal terms.  The Settlement also provides for non-economic consideration:  specific and clear disclosure of AAA SNE's Renewal Policy.  Further, the agreed-upon benefits can be implemented promptly after Final Approval of the Settlement - much more rapidly than if the Parties were to proceed to expert discovery, summary judgment motions, a trial and possible appeal, and the post-judgment processing of claims that would be necessary for any award of damages in a contested class action.

33.     In sum, in agreeing to settle the action, Mr. Held and Class Counsel have taken into account the benefits available to the Settlement Class through settlement, the considerable expense and length of time that would likely be necessary to continue to prosecute the claims through trial, post-trial motions and likely appeals, and the significant uncertainties in predicting the outcome of this

14

litigation.   Considering all of these factors, and balancing them against the certain

and substantial benefits of the Settlement, they have concluded that the Settlement

is fair, reasonable, adequate, and superior to the risks and delays associated with

further litigation.

**Class Notice and Responses.**

34.     Pursuant to the Court's Order granting Preliminary Approval to the

Settlement, on or about May 13 and 14, 2013, a summary notice was sent by U.S. Mail to

2,049,292 Class members.   The summary notice advised Class members that the full-

length Class Notice was available on line or would be mailed upon request.   Both the

content of the Class Notice and the means of disseminating it to the Class were approved

in advance by the Court as "the best notice practicable under the circumstances." See

Preliminary Approval Order.   In addition, on May 9, 2013, the settlement website and a

telephone information center were both activated and are still operating.

35.     The reaction of the Class to the settlement has been overwhelmingly

positive. Out of a Class consisting of more than two million members, just one Class

member filed a purported objection to the Settlement, and only 166 persons have opted

out of the Settlement.   The infinitesimally small number of objections and opt-outs

speaks volumes about the value of the Settlement.   The single objector, Joseph Levy,

of Cambridge, Massachusetts, objects because he "believe[s] that AAA SNE has done

nothing wrong," and he "find[s] it perfectly acceptable that AAA SNE counted a

membership renewal from the expiration date of the previous membership, regardless

of when [he] paid for or requested the renewal."   Mr. Levy also objects to the proposed

payment of attorneys' fees, and he contends that even those class members who

disagree with him and believe the Settlement is warranted will receive no significant

benefit from the Settlement." Since not one single other class member has offered a similar objection or comment, Mr. Levy's view appears not to be shared by the vast majority of Class members. Moreover, Mr. Levy's objection fails to provide any insight as to the basis for his reasoning apart from his say-so. Naturally, such a solitary dissenting voice is an insufficient basis on which to upset a resolution that has been received favorably by millions of Class members.

**Class Counsel**

36. The attorneys of Denlea & Carton LLP ("D&C" or "Class Counsel") are highly qualified attorneys with extensive experience in complex litigation and consumer class actions. They bring to bear an expertise in consumer class actions that is rivaled by few firms in the Northeast. Many of the firm's attorneys graduated with honors from elite law schools and previously practiced at prominent New York firms. I am an honors graduate of Dartmouth College and Columbia Law School, and previously practiced at Cravath, Swaine, and Moore. I served as the lead lawyer at my firm prosecuting the action. My partner, Robert J. Berg, who handled the day-to-day litigation of the action and who conducted all of the discovery, is an honors graduate of Amherst College. Mr. Berg received his J.D. and M.B.A. degrees from The University of Chicago. Mr. Berg, who has practiced law for the past thirty (30) years, began his legal career at Skadden, Arps, Slate, Meagher & Flom and LeBoeuf, Lamb, Leiby & MacRae in New York before joining plaintiffs' class action firms 23 years ago. Since 1990, Mr. Berg has limited his practice to the prosecution of class actions in the consumer fraud, securities fraud, shareholder derivative, and antitrust fields. As demonstrated below, the experience and expertise of Class Counsel, as well as the results achieved for the Class, establish the reasonableness of the fee requested as part of the Settlement.

16

37.    D&C's attorneys have been certified as class counsel and have

prosecuted numerous class actions including:

- *Llanos v. Shell Oil Company And Shell Oil Products US,* No. SU-2006-009404 (N.Y. Sup. Ct.).  State-wide class action alleging that Shell improperly imposed monthly inactivity or dormancy fees on Shell Gift Cards in violation of New York Gen. Bus. L. § 349 and Shell's contracts with its customers.  The court certified the class and approved a settlement on March 31, 2010.

- *Argento v. Wal-Mart Stores, No. 22850/06 (N.Y. Sup. Ct.). On October 2,* 2009, the New York Appellate Division granted plaintiff's motion for certification of a state-wide class of consumers alleging that Sam's Club violated state consumer protection laws and its membership contracts by backdating membership renewals.  The court subsequently approved a settlement in May, 2012.

- *Dupler v. Costco Wholesale Corporation, Civ. No. 06-3141 (E.D.N.Y.).  Class* action alleging that Costco backdates membership renewals purchased after the prior membership period's expiration date, in violation of state consumer protection laws and Costco's membership contracts.  Class certification was granted on January 31, 2008 and a nationwide class settlement was approved on April 20, 2010.

- *In re Ticketmaster Sales Practices Litigation,* No. 09-0912 (C.D.Cal.).  Court appointed Jeffrey I. Carton interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g) on July 17, 2009.  On February 13, 2012, the court granted final approval for a settlement.

- *In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation,* No. 09-2023 (E.D.N.Y.).  On June 8, 2009, the court appointed Jeffrey I. Carton to Plaintiff's Executive Committee in this Multidistrict Litigation in which plaintiffs allege that Bayer Healthcare LLC violated state consumer protection and warranty laws in connection with the deceptive marketing and sales of Bayer combination aspirin products.  A motion for preliminary approval of a nationwide class action settlement was submitted in May, 2012.

- *Luks v. Empire Blue Cross/Blue Shield,* Index No. 03/64337 (N.Y. Sup.Ct.N.Y. Cty.).  State-wide class action brought on behalf of more than 1,000 surgeons that compelled insurer to revoke its policy, commonly referred to as the "single incision" policy, of refusing to cover certain medically appropriate surgical procedures.  The action was resolved on a class-wide basis, providing millions of dollars in reimbursement to New York physicians.

- *Breedlove v. Window Rock Ent., Inc.,* 04-00610 (Cal. Super. Ct. Orange Cty.). Consumer class action challenging false and deceptive advertising for the popular diet supplement CortiSlim. The case was resolved on a nationwide class basis.

- *Fox v. Cheminova, Inc.,* 00-5145 (E.D.N.Y.). Class action brought against pesticide manufacturer on behalf of commercial lobstermen on Long Island Sound, alleging destruction of lobster stock. The court certified the class and approved a settlement.

- *Dupler v. Old Navy LLC and The Gap, Inc.,* No. 06/008356 (N.Y. Sup. Ct., Nassau Cty.). Class action alleging consumers were short-changed when returning merchandise bought with store-issued coupons. On August 6, 2007, the court approved a settlement.

- *Aggarwal v. MagicJack LP,* No. 50 2011 CA 009521 (Fla. Cir. Ct. Palm Beach Cty.). Class action alleging consumers' renewal dates for internet telephone subscriptions were set unlawfully. A nationwide class action settlement was approved in February, 2012.

38.     Prior to practicing with me, Mr. Berg acted as lead counsel or co-lead counsel on numerous significant class actions. Mr. Berg was a member of the Plaintiffs' Executive Committee and Liaison Counsel in the landmark *IPO Securities Litigation*, consisting of 309 consolidated securities fraud class actions, which settled for $586 million. Mr. Berg was co-lead counsel for plaintiffs in *In re Deutsche Telekom AG Securities Litigation*, which settled for $120 million, and *In re Bankers Trust Securities Litigation*, which settled for $58 million a few weeks before trial. Mr. Berg was a lead counsel for plaintiffs in *Princeton Economics Group, Inc. v. AT&T*, then the largest consumer class action in New Jersey history, where the Court valued the settlement at between $85 million and $90 million, and stated: "If not for the skill and the experience of class counsel, a settlement may not have been reached, or if it had been reached, may have resulted in a significantly diminished recovery for the class."

39.     As the foregoing experiences reveal, the attorneys principally involved in

this matter are experienced litigators, having litigated complex civil actions, including many class action and consumer fraud lawsuits throughout the country.

**The Settlement Is The Product Of An Arm's**
**Length, Hard Fought Negotiation**

40.     There can be no serious debate about whether the Settlement was the result of intensive and hard-fought negotiations as the settlement dialogue began only after more than two years of vigorous litigation and took place between experienced, capable counsel, each resolute in zealously advocating and defending their respective clients' positions. Thus, the Settlement is entitled to the presumption of fairness.

41.     The settlement negotiations did not begin until after the class had been certified and after the Second Circuit had denied Defendant's petition for interlocutory review of the class certification decision. The parties and the Court were addressing how notice of the pendency of the class action would be sent to class members.  Moreover, fact discovery had been completed, and only limited expert discovery as to damages remained.  Class counsel had reviewed over one hundred thousand pages of documents produced by Defendant and analyzed Defendant's responses to interrogatories, which included detailed information relating to damages.  Class counsel deposed all of the key witnesses from AAA SNE, and had consulted with their damages expert.  These factors all support judicial deference to the recommendations of counsel.

42.     Counsel, including Defendant's General Counsel, met in person for two lengthy settlement negotiation sessions, and communicated by telephone and email on numerous occasions, exchanging demands and counter-offers based on their respective views of the facts developed in discovery and the legal theories available to each side. Once an agreement in principle was reached, counsel negotiated a Term Sheet outlining

the terms of the Settlement, and some days later, negotiated the precise wording of the Settlement Agreement.

43.     Significantly, Class Counsel continually kept Mr. Held informed of the status of the negotiations and requested his advice and, ultimately, his approval. Moreover, only after negotiating all material terms of the Settlement affecting the parties (and the Class) did counsel begin negotiating the proposed attorneys' fee award and plaintiff incentive awards. Further, not a single objecting class member has challenged the Settlement's procedural fairness; there is no basis to rebut or even question the presumption of procedural fairness.

44.     In sum, the Settlement was the result of vigorous arm's-length negotiations, conducted by Class Counsel in the best interests of the Class. The Settlement is entitled to a presumption of fairness, and in fact is procedurally fair in all respects.

## Class Counsel's Fee Request Is Fair and Reasonable

45.     As set forth more fully in the accompanying Memorandum of Law, district courts in the Second Circuit are permitted to award attorneys' fees to prevailing class counsel under either of two methods: the preferred "percentage method" or the "lodestar/multiplier method."  Under either method, Class Counsel's proposed $1,800,000 fee and expense award merits approval.

## The Percentage Method

46.     Class Counsel investigated AAA SNE's membership backdating policy, recognized its deceptive nature, developed the theory of the case to vindicate consumers' rights, and spent more than two years prosecuting the action until negotiating the highly favorable settlement, as described above. The requested fee is appropriate in light of the

time, effort, and risk incurred, and the result achieved by Class Counsel, and it falls well

within the range of class counsel fees approved in comparable cases using either method.

Indeed, the fee is the equivalent of just 16% of the total economic benefit of the

Settlement, or -- taking the most conservative view possible -- 30% of the more than $6

million in direct compensation provided to the Class.  Moreover, AAA SNE has agreed to

pay Class Counsel's fee from its own resources, so the fee will not diminish or erode any

of the benefits provided to the Class members.

**The Time and Labor Expended by Counsel**

47.    The time and labor expended by Class Counsel in this action are set forth

in the attached summary below.[1]  In general, Class Counsel devoted nearly 1,800 hours

over a period of more than two years to prosecuting this action. Class Counsel conducted

an extensive investigation of the issues involved in this case, including analyzing the terms

of AAA SNE membership and those of comparable AAA affiliate clubs; and consulted with

experts regarding the injuries to consumers resulting from AAA SNE's backdating policy

and the Class members' potential damages. Class Counsel analyzed the many legal

issues concerning the claims of deceptive trade practices, engaged in extensive discovery,

and litigated the class certification issue to which Defendant strenuously objected. Class

Counsel also engaged in sometimes contentious arm's-length negotiations with AAA

SNE's counsel, and reached agreement on the material terms of the settlement before

negotiating the proposed fee award.

48.    The aggregate hours worked by the attorneys and staff that contributed to

the prosecution of the case are:

---

[1]  Attached as Exhibit "A" are the detailed, descriptive, and contemporaneous time records of the
billing entries memorialized by the attorneys who worked on this matter.

| Personnel | Hours | Rate | Lodestar |
|---|---|---|---|
| Jeffrey I. Carton (JIC) | 287.75 | $575.00 | $165,456.25 |
| Robert J. Berg (RJB) | 1205.60 | $575.00 | $693,220.00 |
| Todd S. Garber (TSG) | 274.60 | $525.00 | $144,165.00 |
| Christa Ronci (CR) | 17.00 | $125.00 | 2,125.00 |
| **TOTAL** | **1784.95** | | **$1,004,966.25** |

49. Significantly, D&C is a small firm comprised of six (6) attorneys. The firm with which Mr. Berg and I were previously affiliated was also a small firm with fewer than twenty (20) attorneys. As a result, the time spent on this action in the hope of eventually obtaining a substantial verdict or settlement for the Class, and a fee for Class Counsel, was a significant commitment of the firm's (and our prior firm's) resources. While D&C carefully screens its class action contingency matters to enhance its likelihood of success, there was absolutely no assurance that the extraordinary commitment of time and effort devoted to this action would result in the payment of any fee at all. Moreover, the action was leanly staffed and efficiently managed, with two attorneys, Mr. Berg and myself, accounting for the significant majority of the time devoted to the case. Class Counsel should be fairly compensated for the substantial time and labor invested to obtain this outstanding Settlement on behalf of the Class.

**The Magnitude and Complexity of this Action**

50. The magnitude and complexity of this action support the fee award sought by Class Counsel. The Class itself is large, comprising more than two million current and former AAA SNE members. In dollar terms, moreover, the magnitude of the litigation is equally substantial. AAA SNE members have lost millions of dollars as a result of AAA

SNE's inadequate disclosure of its membership renewal policy; the Settlement substantially addresses this issue by providing more than $6 million in extended membership benefits to the Class members, as well as a substantial clarification of AAA SNE's renewal policy in AAA SNE's membership materials and website that should prevent any member confusion going forward.[2]  By any measure, the magnitude of the case is substantial, fully justifies Class Counsel's investment of time and labor, and fully merits the requested fee award.

51.    In addition, the litigation involved a number of complex legal and factual issues - many of them raised by AAA SNE as substantive defenses or as grounds to deny class certification. These include the interpretation of the Privileges and Conditions of membership in the AAA SNE handbook, the damages incurred by the Class members, and AAA SNE's voluntary payment defense.  Further, AAA SNE has vigorously maintained throughout the litigation that it has not done anything wrong and that its disclosures about its renewal policy have been clear and complete.  In short, Plaintiff's claims of non-disclosure, unjust enrichment, and breach of contract hinged upon the proper interpretation of AAA SNE's membership contract and alleged disclosures that a jury might have resolved either way. Moreover, AAA SNE injected several additional layers of complexity through its no-holds-barred defense strategy.  Largely as a result of AAA SNE's aggressive and resourceful defensive maneuvers, the complexity (and risk) of the case increased exponentially. At every turn, advancing the cause of Mr. Held and the Class required extensive and sophisticated fact discovery, legal analysis, and argument by Class

_____

[2] AAA SNE has committed to keeping in place these disclosure clarifications for three years following the effective date of the Settlement.  However, since these changes bring the AAA SNE's disclosures into conformity with many other AAA affiliate clubs, it is hard to imagine that AAA SNE will discontinue the clear disclosures after its legal obligation under the Settlement ends.

Counsel.

52.     In addition, AAA SNE had stated its intention to file a motion for summary judgment following the Second Circuit's denial of its petition for interlocutory appeal of the class certification determination, and Plaintiff announced that he would also move for summary judgment on liability issues. If not for the Settlement, the need to research, brief, and develop factual submissions on summary judgment would have undoubtedly increased the expense, complexity, and duration of the litigation. Assuming that Plaintiff's claims survived AAA SNE's dispositive motion, moreover, trial preparation would have required countless hours of additional work, including preparing fact and expert witnesses, identifying exhibits, preparing proposed jury instructions, and preparing cross-examination outlines. The trial itself would consume significant judicial resources, and would engender additional motion practice (including evidentiary motions and any dispositive motions filed during or at the close of trial). Further, as described above, an appeal would have added to the complexity of the litigation. This is especially likely in view of the experience of defense counsel in litigating consumer class actions. Thus, the magnitude and complexity of the litigation weigh heavily in favor of the requested fee award.

**The Risk of the Litigation**

53.     The risks involved in prosecuting this action support the requested award of attorneys' fees. From the outset, there was no assurance whatsoever that the Class would prevail, or that Class Counsel would receive any fee for its efforts. D&C (and our prior firm) accepted this case on a purely contingent basis, investing substantial time, money, energy, and lost opportunity costs to prosecute the action without any guarantee of compensation (or even reimbursement of its out of pocket costs and overhead). Unlike

AAA SNE's counsel, who are paid hourly rates and reimbursed on a regular basis for their expenses, Class Counsel has received no compensation since this case began. Moreover, there was no way to know whether D&C would ever be compensated for its substantial commitment to this action. In fact, the case law is littered with unsuccessful class actions that provided no relief to the putative class and no fee for class counsel.

54.     Viewed from the outset of the litigation, Class Counsel faced substantial risks, including the risk of not prevailing on a possible motion to dismiss, and later, class certification, summary judgment, trial, or appeal. The specific risks include the risks of not prevailing on plaintiff's allegations concerning the deceptive nature of AAA SNE's renewal policy and disclosures about its renewal policy post-expiration of a membership and establishing damages. Of course, Class Counsel received no compensation while incurring the risks of the litigation. To the contrary, Class Counsel incurred 100% of the risk, devoting their time and labor to identifying AAA SNE's wrongdoing, evaluating AAA SNE's potential liability, analyzing potential legal theories, drafting the complaint, engaging in extensive document discovery, interrogatories, and depositions, moving for class certification, replying to AAA SNE's comprehensive brief in opposition, working with experts to develop an analysis of the Class members' damages, and negotiating the Settlement. Throughout, there was no assurance of success or compensation. The requested fee award is entirely reasonable in light of the risks incurred by D&C.

**The Quality of Representation**

55.     In addition, the quality of Class Counsel's representation is reflected in the reputation of D&C; the experience of the attorneys principally involved in this case; and above all, the manner in which they prosecuted this case from the pleadings, through

discovery and class certification, to the settlement negotiations and the instant motion for final approval. The Settlement negotiated with AAA SNE is a highly favorable outcome for the Class, and is the direct result of the creativity, diligence, hard work, and skill brought to bear by Class Counsel at every stage of the proceedings. Moreover, this result was achieved without the assistance of any governmental enforcement action. Throughout the litigation, moreover, Class Counsel put the best interests of the Class ahead of their own, negotiating the most favorable settlement terms possible before turning to the question of attorneys' fees, and then negotiating a fee to be paid by AAA SNE, rather than by the Class, and which in no way diminishes or erodes the benefits received by Class members. Class Counsel's exemplary prosecution of this class action weighs strongly in favor of the proposed fee award.

**The Requested Fee in Relation to the Settlement**

56.    Numerous decisions establish that in common fund cases (which this is not), "the Courts in this Circuit have frequently concluded that 15% to 30% of the aggregate recovery is reasonable." *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (16.6%) (*citing Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*, 724 F. Supp. 160 (S.D.N.Y.1989); *Weseley v. Spear; Leeds & Kellogg*, 711 F. Supp. 713,718 (E.D.N.Y.1989) (19%); *Eltman v. Grandma Lee's Inc.*, 1986 WL 53400, at *9 (E.D.N.Y. May 28, 1986) (slightly less than 30%); *In New York City Mun. Sec. Litig.*, 1984 WL 2411, at *2 (S.D.N.Y. March 28, 1984) (almost 33%); *In re Franklin Nat'l Bank Sec. Litig.*, [1980 Transfer Binder] Fed. Sec.L Rep. (CCH) ¶97,571 at 97,988 (E.D.N.Y. June 24, 1980) (34%); *In re Emerson Shareholder Litig.*, 1992 U.S. Dist. LEXIS 20934 (E.D.N.Y. April16, 1992) (37.08%); *Greene v. Emersons Ltd.*, 1987 WL 11558 (S.D.N.Y. May 20,

1987) (46.2%)). *See also In re Telik*, 576 F. Supp.2d at 587, n.8 (*citing In re Crayfish Co. Sec. Litig.*, No. 00-6766, slip op. at 7 (S.D.N.Y. July 28, 2004) (awarding 30% of $9 million settlement, plus expenses}; *Hicks v. Stanley*, No.01 Civ. 10071(RJH), 2005 WL 27257792, at *9 (S.D.N.Y. Oct. 24, 2005) (awarding 30% of $10 million settlement plus expenditures); *In re Plug Power, Inc. Sec. Litig.*, No. 00-5553, slip op. at 7 (E.D.N.Y. Apr. 29, 2005) (awarding 30% of $5 million settlement, plus expenses); *Schnall v. Annuity & Life Re (Holdings), Ltd.*, No. 02-2133, slip op. at 8 (D. Conn. Jan. 21, 2005) (awarding 33 1/3% of $16.5 million settlement, plus expenses); *In re Winstar Communications Sec. Litig.*, No. 01-3014, slip op. at 2 (S.D.N.Y. Dec. 29, 2004) (awarding 30% of $12 million settlement, plus expenses);*RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587(PKl), 2003 WL 21136726, at *2 (S.D.N.Y. May 15, 2003) (awarding 33 1/3% of $975,000 settlement plus expenses); *Maley*, 186 F.Supp.2d at 367-68 (33 1/3% of $1.25 million settlement); *In re APA Teleservices Inc. Sec. Litig.*, No.97 Civ. 9145, at *2 (S.D.N.Y. Dec. 10, 2001) (33 1/3% of $21 million settlement); *Adair v. Bristol Tech. Systems, Inc.*, No. 97 Civ. 1037878, at *3 (S.D.N.Y. Nov.16, 1999) (33% of $975,000 settlement)). *See also In re Telik*, 576 F. Supp. at 587-88 (citing numerous class action fee awards in excess of 25% from other jurisdictions across the United States).

      57.    The $1,800,000 fee and expense award that Class Counsel has requested, and that AAA SNE has agreed to pay, is a substantially lower percentage of the common fund than many of the foregoing authorities. That is true whether the Court regards the Settlement as worth more than $6 million or recognizes the more than $11 million value of the relief and non-economic benefits.

**Public Policy Considerations**

58.     The settlement obtained by Class Counsel provides substantial benefits to the public as well as to the individual AAA SNE members who will receive direct financial benefits. First and foremost, the Settlement serves public policy - as embodied in the state consumer fraud statues of Connecticut, Rhode Island, and Massachusetts and the common law of contract-by compensating consumers, and requiring AAA SNE to fully and completely disclose its membership renewal policy.  AAA SNE's clarifying disclosure of its renewal policy is obviously in the public interest. The new disclosure not only eliminates any alleged confusion that gave rise to this class action, but will empower consumers to make a fully informed judgment as to whether the benefits of AAA SNE membership are worth the annual fee.  Class Counsel deserve substantial credit for bringing about these benefits to the public, as well as obtaining direct financial benefits to AAA SNE members aggrieved by prior incidents of backdating.

**The Lodestar/Multiplier Method**

59.     The fee requested in this case is also justified under the lodestar method. Class Counsel reasonably devoted nearly 1,800 hours to this action, including time spent researching the facts and the law, drafting the complaint, conducting document discovery, taking and defending depositions, briefing several motions including, most notably, successfully moving for class certification, negotiating the settlement, and responding to class member's inquiries.  Applying Class Counsel's typical hourly rates ($525.00 to $575.00),[3] which are reasonable and well within the range typically charged by

---

[3] The Supreme Court has approved the use of current hourly rates as such rates compensate for inflation and loss of use of funds. *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989). *See also In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*, 724 F. Supp. 160, 163-64 (S.D.N.Y. 1989) (citing cases); *In re NASDAQ Market-Makers*, 187 F.R.D. at 489 n.25.

similarly well qualified counsel in the New York metropolitan area, yields a lodestar of

$1,004,966.25 (Ex. A) Class Counsel's contingency risk, the quality of representation, the

outstanding result achieved, and other relevant factors support the application of a modest

1.8 multiplier to confirm that the requested $1,800,000 award (inclusive of $38,603.76 in

disbursements) is reasonable and should be approved.  Indeed, Mr. Held selected D&C as

Class Counsel because, as a practicing attorney himself, he was aware of the firm's

outstanding work, its experience in class litigation, and its comparatively modest rates.

   60. Comparing the lodestar with the requested fee of $1,800,000 minus

$38,603.76 in expenses yields a multiplier of 1.75.  That multiplier is unquestionably within

the range of multipliers found reasonable by courts in this Circuit, and is fully justified in

light of the effort undertaken by Class Counsel, the recovery achieved, and risks involved.

"In recent years, multipliers of between 3 and 4.5 have become common." *In re NASDAQ*

*Market-Makers*, 187 F.R.D. at 489 (approving 3.97 multiplier).  *See also Wal-Mart Stores,*

*Inc.*, 396 F.3d at 123 (affirming 3.5 multiplier);  *In re Telik*, 576 F. Supp. 2d at 590 ("In

contingent litigation, lodestar multiples of over 4 are routinely awarded by courts, including

this Court.") (citations omitted).  *See also In re Dora/ Fin. Corp. Sec. Litig.*, No. 05-1706

(S.D.N.Y. July 17, 2007) (awarding multiplier of 10.26 on $130 million settlement); *Maley*,

186 F. Supp. 2d at 371 (awarding 4.65 multiplier); *Newman v. Carabiner Int'l, Inc.*, No. 99

Civ. 2271 (S.D.N.Y. Oct. 19, 2001) (7.7 multiplier); *Roberts*, 979 F. Supp. at 197 (5.5

multiplier); *In re RJR Nabisco Sec. Litig.*, (S.D.N.Y. Aug. 24, 1992) (6.0 multiplier); *Rabin v.*

*Concord Assets Group, Inc.*, No. 89 Civ. 6130 (LBS), 1991 WL275757, at *1-2 (S.D.N.Y.

Dec. 19, 1991) (applying multiplier of 4.4);*In re Xcel Energy, Inc.*, 364 F. Supp. 2d at 999

(awarding 25% of $80 million settlement, resulting in multiplier of 4.7); *DiGiacomo v. Plains*

*All Am. Pipeline*, 2001 WL34633373, at *10-11 (S.D.Fla. Dec. 19, 2001) (awarding percentage fee that resulted in multiplier of 5.3); *In re Charter Communications Inc. Sec. Litig.*, No. MDL1506, 2005 WL4045741, at *18 (E.D. Mo. 2005) (approving 20% fee yielding 5.61 lodestar multiplier as "within the range of multipliers found reasonable for cross-check purposes") (citations omitted); 1 Alba Conte, Attorney Fee Awards § 2.06, at 39 (2d ed.1993) ("When a large common fund has been recovered and the hours are relatively small, some courts reach a reasonable fee determination based on large multiples of 5 or 10 times the lodestar.")

**Incentive Award to Plaintiff Lindsay Held**

61.    Class Counsel respectfully requests that the Court should approve the payment of an incentive award of $25,000 to Mr. Held in recognition of his efforts on behalf of the Class.  Pursuant to the Settlement Agreement, AAA SNE has agreed to pay this award using its own resources, which means this payment will not reduce or erode the benefits provided to the Class members.  The requested payment is well deserved and falls well within the range of incentive awards approved in prior cases.

62.    Mr. Held, a non-practicing attorney and businessman, shouldered considerable burdens in representing the class.  He reviewed, and discussed with Class Counsel the pleadings, discovery demands, discovery responses, and memoranda of law on class certification.  He shared his knowledge of the facts, including his renewal transactions, and his understanding of AAA SNE's membership contract and its purported disclosures of its renewal policy.  He met with Class Counsel to prepare for his deposition, was deposed (and endured highly aggressive questioning by AAA SNE's counsel), and corrected his deposition transcript.  He conferred with Class Counsel regarding the settlement negotiations, at all times encouraging D&C to obtain the best possible result for

30

the absent class members. And he personally appeared at the oral argument on plaintiff's motion for class certification to demonstrate his unwavering support for the prosecution of the action.

63.     In the process, AAA SNE's counsel opposed class certification by attacking the veracity, credibility, and consistency of Mr. Held's testimony; and accused him of bringing this action alleging a deceptive practice despite his purported prior knowledge of AAA SNE's renewal policy.  These attacks imposed an additional burden on Mr. Held, not only because he had to cooperate with Class Counsel to refute AAA SNE's attacks but also because Mr. Held, an attorney and officer of the Court, was challenged in these proceedings.  This provides further justification for the requested incentive award.

64.     Finally, Mr. Held's efforts were essential in obtaining an extraordinary victory for the Class, including more than $6 million in membership benefits and the cessation of AAA SNE's deceptive practice of backdating late renewals without adequate disclosure.  In the circumstances, a $25,000 incentive award, to be paid by AAA, is entirely reasonable.

65.     In light of the above and as set forth more fully in the accompanying Memorandum of Law, I respectfully submit that the Court should (i) grant final approval to the settlement and permit the parties to enforce the Stipulation of Settlement, (ii) award Mr. Held the incentive award to which he is deserving and (iii) award Class Counsel attorneys' fees, costs and expenses in the amount of $1,800,000, which AAA SNE has agreed to pay.

Dated:    White Plains, New York
          July 24, 2013

                                        JEFFREY I. CARTON

# EXHIBIT "A"

## MEISELMAN, PACKMAN, NEALON, SCIALABBA & BAKER P.C.
Attorneys At Law
1311 Mamaroneck Avenue

White Plains, New York   10605

Tax ID # 11-3613138                                          Telephone # (914) 517-5000

MAY 29,2013

LINDSAY HELD V. AAA OF SOUTHERN NEW ENGLAND
INDEX NO. 11-CV-00105 (SRV)
FILE # 16386

| DATE | | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| Dec-06-10 | JIC | CONFERENCE WITH R. BERG RE: PROSPECTIVE CLASS ACTION CONCERNING AAA RENEWAL POLICY; | 1.00 |
| | RJB | DISCUSS POSSIBLE CLASS ACTION AGAINST AAA OF SOUTHERN NEW ENGLAND WITH J. CARTON; RESEARCH RE SAME. | 1.60 |
| Dec-07-10 | RJB | RESEARCH RE AAA SNE FOR COMPLAINT; DRAFT COMPLAINT. | 2.00 |
| Dec-08-10 | RJB | RESEARCH RE: CLASS ACTION COMPLAINT; TELEPHONE CONFERENCE WITH PROSPECTIVE CLIENT RE: FACTS AND HIS BEING CLASS REPRESENTATIVE; | 1.50 |
| Dec-09-10 | RJB | RESEARCH AND DRAFT AAA SNE COMPLAINT. | 1.50 |
| Dec-10-10 | RJB | RESEARCH AND DRAFTED COMPLAINT; | 2.50 |
| Dec-14-10 | RJB | RESEARCH RE CUTPA CLAIMS UNDER CONNECTICUT LAW FOR COMPLAINT; | 1.00 |
| Dec-15-10 | RJB | RESEARCHED AND DRAFTED COMPLAINT; EMAILS TO CLIENT RE: CREDIT CARD CHARGE INFORMATION. | 1.50 |
| Dec-16-10 | RJB | RESEARCH AND DRAFTED COMPLAINT; | 1.50 |
| Dec-17-10 | RJB | DRAFTED COMPLAINT; | 1.50 |

May 29, 2013

| | Invoice #:  Sample | File #:  16386-CONT | Page  2 |
|---|---|---|---|

| Jan-03-11 | RJB | DRAFTED AND REVISED COMPLAINT; | 2.00 |
|---|---|---|---|
| Jan-12-11 | JIC | EDIT/REVISE/REVIEW DRAFT COMPLAINT; CONFERENCE WITH  R. BERG RE: SAME; | 3.50 |
| | RJB | DISCUSSED DRAFT COMPLAINT WITH J. CARTON; REVISED SAME; AND EMAIL TO CLIENT RE: SAME; | 0.75 |
| Jan-14-11 | RJB | TELEPHONE CALL WITH CLIENT RE COMPLAINT; | 0.25 |
| Jan-19-11 | RJB | FINALIZE COMPLAINT, DOCKET SHEET AND SUMMONS FOR FILING; DISCUSSIONS WITH CHRISTA RE ARRANGEMENTS FOR FILING AND SERVICE; | 1.50 |
| | CR | PREPARE SUMMONS, COMPLAINT, FILING FEE FOR NEW CASE FILING WITH DISTRICT COURT OF CONNECTICUT; TELEPHONE CONVERSATION WITH INTERCOUNTY RE FILING;  RECEIPT AND REVIEW STAMPED, FILED DOCUMENTS FROM INTERCOUNTY, WITH INVOICE; | 0.80 |
| Jan-21-11 | JIC | REVIEW MULTIPLE ECF FILINGS; | 0.75 |
| | CR | TELEPHONE CONVERSATION WITH INTERCOUNTY RE SERVICE OF COMPLAINT UPON DEFENDANTS; CHECK FEDERAL DOCKET FOR ASSIGNMENT OF DOCKET NUMBER; RECEIPT AND REVIEW EMAILED FEDERAL; COURT NOTICES RE NEW CASE FILE AND DOCKET ASSIGNMENT; PRINT ALL NOTICES TO FILE; | 1.50 |
| Jan-25-11 | RJB | REVISED BLOG POSTING RE AAA SNE CASE AND DISCUSSED SAME WITH MICHAEL BERG.; | 0.25 |
| Feb-07-11 | JIC | CONFERENCE WITH R. BERG RE: OTHER AAA CHAPTERS' RENEWAL POLICIES; | 0.75 |
| | RJB | REVIEWED AAA MID-ATLANTIC COMPLAINT AND DISCUSSED WITH J. CARTON RE RELEVANCE TO AAA SNE; RESEARCHED RE AAA SOUTH, AAA NEW JERSEY DISCLOSURES RE BACKDATING POLICY FOR USE TO CONTRAST AAA SNE DISCLOSURES; DISCUSSED SAME WITH J. CARTON; | 2.50 |
| Feb-09-11 | RJB | TELEPHONE CALL WITH KEN SINCLAIR OF SEYFARTH, DEFENDANT'S COUNSEL RE CASE, EXTENSION; RESEARCH SINCLAIR. | 0.50 |
| Feb-28-11 | RJB | EMAILS WITH DEFENSE COUNSEL RE RULE 26F CONFERENCE; DISCUSSED SAME WITH J. CARTON; | 0.30 |
| Mar-04-11 | RJB | READ DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES; CONFERENCE WITH J. CARTON; | 1.00 |
| Mar-07-11 | JIC | REVIEW DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES; CONFERENCE WITH R. BERG REGARDING LITIGATION STRATEGY; | 1.50 |

May 29, 2013

Invoice #:  Sample                    File #:   16386-CONT                    Page  3

| Mar-09-11 | JIC | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL REGARDING RULE 26(f) MEET AND CONFER; CONFERENCE WITH R. BERG REGARDING SAME; REVIEW JUDGE'S STANDING ORDERS; | 1.50 |
|---|---|---|---|
| | RJB | PREPARE FOR RULE 26F CONFERENCE WITH DEFENDANT'S COUNSEL; PARTICIPATED IN RULE 26F CONFERENCE; REVIEWED LOCAL RULES RE SAME; | 2.00 |
| Mar-10-11 | RJB | REVIEWED DEFENDANT'S PRO HAC VICE PAPERS; REVIEWED LOCAL RULES RE SCHEDULING ORDERS; RULE 26F REPORTS; PREPARED R. BERG PRO HAC VICE PAPERS; REVIEWED ANSWER AND AFFIRMATIVE DEFENSES; RESEARCHED AFFIRMATIVE DEFENSES; | 3.75 |
| Mar-15-11 | JIC | EDIT/REVISE DRAFT CONSENT MOTION; CONFERENCE WITH R. BERG REGARDING SAME; | 0.75 |
| | RJB | PREPARED MOTION TO EXTEND TIME TO FILE CLASS CERTIFICATION MOTION AND PROPOSED ORDER; REVIEWED LOCAL RULES RE SAME; | 2.50 |
| Mar-16-11 | RJB | FINALIZED MOTION FOR MODIFICATION OF SCHEDULING ORDER; LETTER TO COURT RE SAME; | 1.00 |
| | CR | CONFERENCES WITH R. BERG RE: E-FILING MOTION AND CHANGES TO MOTION; PREPARE MOTION AND EXHIBITS FOR E-FILING; E-FILE MOTION WITH EXHIBITS; | 0.50 |
| Mar-18-11 | RJB | REVIEWED LOCAL RULES; DRAFTED PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; | 3.00 |
| Mar-24-11 | RJB | PREPARED DISCOVERY REQUESTS; | 3.00 |
| Mar-25-11 | RJB | EMAILS WITH PLAINTIFF'S COUNSEL RE RULE 26F REPORT; RESEARCHED LOCAL RULES RE SAME; DRAFTED SAME; | 1.25 |
| Mar-29-11 | RJB | RESEARCHED AND DRAFTED RULE 26(F) REPORT; | 3.50 |
| Mar-30-11 | RJB | TELEPHONE CONFERENCE WITH K. SINCLAIR RE RULE 26(F) REPORT PREPARATION AND SCHEDULING ORDER; DRAFTED JOINT RULE 26(F) REPORT; | 2.50 |
| | CR | RECEIPT AND REVIEW MEMO FROM ATTORNEY; REVIEW OF FILE RE: AFFIDAVIT OF SERVICE FOR SUMMONS AND COMPLAINT; E-FILE SAME; MEMO TO ATTORNEY RE: SERVICE DATE; | 0.80 |
| Mar-31-11 | JIC | EDIT/REVISE DRAFT RULE 26(f) STATEMENT; CONFERENCE WITH R. BERG REGARDING SAME; | 0.75 |
| | RJB | DISCUSSED DRAFT RULE 26(F) REPORT WITH J. CARTON; REVISED SAME AND SENT TO DEFENSE COUNSEL; | 1.00 |
| | CR | RECEIPT AND REVIEW MEMO; PREPARE FACE PAGE WITH CAPTION; RE-E-FILE WITH PROOFS OF SERVICE PER COURT DIRECTIVE; | 0.20 |

May 29, 2013

Invoice #:  Sample                    File #:  16386-CONT                          Page  4

| | | | |
|---|---|---|---|
| Apr-07-11 | RJB | DRAFTED DOCUMENT REQUEST; REVIEWED DEFENDANT'S REVISIONS TO RULE 26(F) REPORT; REVISED SAME; | 4.50 |
| Apr-08-11 | JIC | REVIEW DRAFT RULE 26 REPORT; REVIEW SUBPOENAS FOR CLIENT AND CLIENT'S SPOUSE, TOGETHER WITH DOCUMENTED DEMANDS; EDIT/REVISE DRAFT DOCUMENT DEMANDS TO BE PROPOUNDED; | 1.50 |
| | RJB | TELECONFERENCE WITH KENT SINCLAIR RE RULE 26F REPORT; REVIEWED SINCLAIR REVISIONS TO SAME; REVISED SAME; DRAFTED PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT; REVIEWED DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS; DISCUSSED DEPOSITIONS WIT SINCLAIR; | 4.75 |
| Apr-11-11 | JIC | REVIEW REVISED DRAFT RULE 26(f) REPORT; | 0.50 |
| | RJB | REVIEWED REVISED RULE 26F REPORT; REVIEWED DRAFT PROTECTIVE ORDER; DISCUSSED PLAINTIFF'S DOCUMENT REQUEST WITH J. CARTON; FINALIZED AND SERVED PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; | 2.75 |
| | CR | RECEIPT AND REVIEW NOTICE OF DEPOSITION RE: CLIENT; DOCKET SAME; RECEIPT AND REVIEW NOTICE OF EXAMINATION BEFORE TRIAL RE: CLIENT; DOCKET SAME; | 0.50 |
| Apr-12-11 | RJB | FINALIZE AND FILE JOINT RULE 26(F) REPORT; PREPARED INTERROGATORIES TO DEFENDANT; REVIEWED DEFENDANT'S DISCOVERY REQUESTS TO PLAINTIFF; | 2.00 |
| | CR | PREPARE RULE 26 (F) PLANNING ORDER FOR E-FILING; E-FILE RULE 26 (F) PLANNING ORDER; | 0.20 |
| Apr-13-11 | RJB | PREPARATION OF DRAFT CONFIDENTIALITY ORDER; | 1.00 |
| Apr-22-11 | RJB | TELEPHONE CALL WITH K. SINCLAIR RE DEPOSITIONS; DISCUSSED SAME WITH J. CARTON; EMAILS TO K. SINCLAIR RE SAME; | 0.50 |
| Apr-25-11 | JIC | REVIEW DRAFT AND REDLINED PROTECTIVE ORDER; CONFERENCE WITH R. BERG REGARDING SAME; REVIEW PROPOSED DEPOSITION SCHEDULE; | 1.50 |
| Apr-26-11 | RJB | REVIEWED AND REVISED DEFENDANT'S PROPOSED PROTECTIVE ORDER; DISCUSSED SAME WITH J. CARTON; | 1.50 |
| May-02-11 | RJB | TELEPHONE CALL WITH KENT SINCLAIR RE PLAINTIFF'S DEPOSITION SCHEDULING; DISCUSSED SAME WITH J. CARTON; REVISED DRAFT PROTECTIVE ORDER; | 1.50 |
| May-03-11 | JIC | REVIEW MULTIPLE EMAILS WITH OPPOSING COUNSEL; REVIEW OUTSTANDING DISCOVERY DEMANDS; CONFERENCE WITH R. BERG REGARDING SAME; | 0.75 |

May 29, 2013

Invoice #:  Sample        File #:  16386-CONT        Page 5

| Date | Initials | Description | Hours |
|---|---|---|---|
| | RJB | DISCUSSIONS WITH J. CARTON RE SCHEDULING PLAINTIFF'S DEPOSITION; EMAILS WITH DEFENDANT'S COUNSEL RE SAME; REVIEWED DEFENDANT'S DOCUMENT REQUEST AND DISCUSSED PRODUCTION OF RESPONSIVE DOCUMENTS WITH CLIENT; DRAFTED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; | 6.00 |
| May-04-11 | RJB | REVISED DRAFT PROTECTIVE ORDER AND EMAILS TO DEFENSE COUNSEL RE SAME; REVIEWED OUTSTANDING DISCOVERY REQUESTS; REVISED DRAFT INTERROGATORIES TO DEFENDANT; | 3.00 |
| May-09-11 | RJB | REVIEWED DOCUMENTS PRODUCED BY CLIENT IN RESPONSE TO DEFENDANT'S DOCUMENT REQUEST; PREPARED DOCUMENTS FOR PRODUCTION; PREPARED PLAINTIFF'S OBJECTIONS AND RESPONSES TO DOCUMENT REQUEST; LETTER TO DEFENDANT'S COUNSEL RE SAME; | 3.50 |
| | CR | BATES STAMP DOCUMENTS FOR PRODUCTION; | 0.70 |
| May-11-11 | RJB | REVIEWED AND REVISED LATEST VERSION OF PROTECTIVE ORDER.  REVIEWED PLAINTIFF'S DOCUMENT REQUEST; | 2.50 |
| May-12-11 | JIC | REVIEW R. BERG'S EMAILS REGARDING CONFIDENTIALITY ORDER; | 0.25 |
| May-18-11 | JIC | MULTIPLE EMAILS EXCHANGED WITH OPPOSING COUNSEL; | 0.50 |
| | RJB | DISCUSSED DEPOSITION SCHEDULING AND DOCUMENT PRODUCTION WITH J. CARTON; RESEARCHED CLIENT'S LITIGATION HISTORY. | 0.50 |
| May-24-11 | JIC | CONFERENCE WITH R. BERG REGARDING ESI ORDER AND DISCOVERY IMPASSE; | 0.50 |
| | RJB | ANALYZE DEFENDANT'S PROPOSED ESI ORDER; MEMO TO J. CARTON RE SAME AND AMENDMENT TO DISCOVERY RESPONSE RE: CLIENT'S LITIGATION HISTORY;  REVIEWED DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS; | 1.50 |
| May-26-11 | RJB | REVIEWED PROPOSED ESI ORDER; REVIEWED REVISED PROTECTIVE ORDER; EMAIL RE SAME; PREPARED AMENDED RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; TELEPHONE CONFERENCE WITH KENT SINCLAIR RE: PROPOSED ESI ORDER; | 2.25 |
| May-27-11 | RJB | BEGIN DOCUMENT REVIEW OF DOCUMENTS PRODUCED BY DEFENDANT. REVIEWED SINCLAIR DRAFT STIP. RE MODIFICATIONS TO PROTECTIVE ORDER; ANALYZED DEFENDANT'S PROPOSED ORDER RE ESI AND EMAIL TO DEFENDANT'S COUNSEL REJECTING SAME; | 3.25 |

May 29, 2013

| Invoice #: Sample | | File #: 16386-CONT | Page 6 |

| Date | Init | Description | Hours |
|---|---|---|---|
| May-31-11 | RJB | REVIEWED DOCUMENTS PRODUCED BY DEFENDANT; | 5.50 |
| Jun-01-11 | RJB | DOCUMENT REVIEW; | 7.00 |
| Jun-02-11 | RJB | DOCUMENT REVIEW; DISCUSSED COURT STATUS CONFERENCE WITH J. CARTON; | 7.75 |
| | CR | RECEIPT AND REVIEW MEMO FROM ATTORNEY REGARDING UPCOMING COURT APPEARANCE; DOCKET SAME; | 0.25 |
| Jun-03-11 | JIC | CONFERENCE WITH R. BERG REGARDING CASE MANAGEMENT CONFERENCE; EMAILS WITH COURT CLERK AND OPPOSING COUNSEL; | 0.50 |
| | RJB | DOCUMENT REVIEW; PREPARED FOR AND APPEARED AT COURT HEARING IN NEW HAVEN; | 9.00 |
| Jun-06-11 | RJB | DOCUMENT REVIEW; | 7.00 |
| Jun-07-11 | RJB | DOCUMENT REVIEW; | 6.00 |
| Jun-08-11 | RJB | DOCUMENT REVIEW; | 4.00 |
| Jun-09-11 | RJB | DOCUMENT REVIEW; COMMUNICATIONS WITH KENT SINCLAIR RE DOCUMENT PRODUCTION; | 5.75 |
| Jun-10-11 | JIC | REVIEW DOCUMENTS PRODUCED BY DEFENDANT REGARDING UPCOMING DEPOSITION; CONFERENCE WITH R. BERG RE: SAME; | 3.00 |
| | RJB | TELEPHONE CALL WITH KENT SINCLAIR RE COURT CONFERENCE AND DISCOVERY ISSUES; REVIEWED DOCUMENTS PERTAINING TO CLIENT; CONFERENCE WITH J. CARTON; | 4.00 |
| Jun-13-11 | RJB | TELEPHONE CALL WITH KENT SINCLAIR RE ELECTRONIC DISCOVERY ISSUES AND 30(B)(6) DEPOSITION; DOCUMENT REVIEW; | 3.50 |
| Jun-14-11 | JIC | REVIEW DOCUMENTS PRODUCED BY DEFENDANTS REGARDING PREPARATION FOR CLIENT'S DEPOSITION; | 4.50 |
| Jun-15-11 | JIC | REVIEW MULTIPLE DOCUMENTS AND SOUND RECORDINGS REGARDING PREPARATION FOR CLIENT'S DEPOSITION PREPARATION; REVIEW PLEADINGS AND DISCOVERY RESPONSES | 5.75 |
| | CR | CONFERENCE WITH  J. CARTON; REVIEW DEFENDANTS DOCUMENT PRODUCTION AND PREPARE CDS FOR PRINTING IN PREPARATION FOR DEPOSITION PREPARATION MEETING WITH CLIENT;  FILE | 3.00 |

May 29, 2013

Invoice #:  Sample    File #:  16386-CONT    Page  7

|  |  |  |  |
|---|---|---|---|
|  |  | ORGANIZATION; PREPARE COPIES OF RELEVANT PLEADINGS AND DISCOVERY; |  |
| Jun-16-11 | JIC | DEPOSITION PREPARATION; CONFERENCE WITH CLIENT REGARDING PREPARATION FOR DEPOSITION; REVIEW DOCUMENTS PRODUCED BY AAA SNE; REVIEW PLEADINGS; | 8.00 |
|  | RJB | DOCUMENT REVIEW; REVIEWED DOCUMENTS IN PREPARATION FOR CLIENT'S DEPOSITION; DISCUSSED SAME WITH J. CARTON. | 4.25 |
|  | CR | TELEPHONE CONFERENCES WITH ALL PARTIES CONFIRMING EXAMINATION BEFORE TRIAL; | 0.30 |
| Jun-17-11 | JIC | DEPOSITION OF PLAINTIFF; CONFERENCE WITH OPPOSING COUNSEL; | 6.00 |
|  | RJB | DOCUMENT REVIEW; DRAFTED PLAINTIFF'S FIRST SET OF INTERROGATORIES; | 5.00 |
| Jun-20-11 | RJB | DRAFTED PLAINTIFF'S FIRST SET OF INTERROGATORIES; | 2.00 |
|  | RJB | DOCUMENT REVIEW; | 3.75 |
| Jun-21-11 | JIC | CONFERENCE WITH R. BERG AND M. BERG REGARDING ADDITIONAL DISCOVERY AND ISSUES ARISING FROM PLAINTIFF'S DEPOSITION; | 0.75 |
|  | RJB | DRAFTED PLAINTIFF'S FIRST SET OF INTERROGATORIES; DOCUMENT REVIEW; | 4.00 |
| Jun-22-11 | JIC | REVIEW/EDIT/REVISE DRAFT INTERROGATORIES; CONFERENCE WITH R. BERG REGARDING SAME; | 1.50 |
|  | RJB | PREPARED MOTION FOR R. BERG PRO HAC VICE ADMISSION; AFFIDAVIT AND PROPOSED ORDER; DOCUMENT REVIEW; | 4.50 |
|  | CR | REVIEW ATTORNEY'S MOTION TO BE ADMITTED PRO HAC VICE; CONFERENCE WITH ATTORNEY RE: CHANGES TO BE MADE AND RE: SERVICE OF MOTION; PREPARE MOTION, ATTORNEY'S AFFIRMATION, EXHIBITS AND PROPOSED ORDER FOR E-FILING; E-FILE MOTION AND ACCOMPANYING PAPERS; PREPARE MOTION FOR MAILING; | 1.00 |
| Jun-23-11 | RJB | FINALIZED PLAINTIFF'S FIRST SET OF INTERROGATORIES; DOCUMENT REVIEW; | 5.00 |
| Jun-24-11 | RJB | DOCUMENT REVIEW; | 4.25 |
| Jun-27-11 | RJB | DOCUMENT REVIEW; | 6.50 |

May 29, 2013

| | Invoice #: Sample | File #: 16386-CONT | Page 8 |

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| Jun-28-11 | RJB | DOCUMENT REVIEW; EMAIL TO KENT SINCLAIR RE DOCUMENT PRODUCTION PROBLEMS; | 2.50 |
| Jun-29-11 | RJB | DOCUMENT REVIEW; | 4.00 |
| Jun-30-11 | RJB | DOCUMENT REVIEW; | 4.25 |
| Jul-01-11 | RJB | REVIEWED DEFENDANT'S DOCUMENT PRODUCTION; | 3.00 |
| Jul-05-11 | RJB | DOCUMENT REVIEW FOR DEPOSITION PREPARATION; | 4.50 |
| Jul-06-11 | RJB | EMAIL TO DEFENDANT'S COUNSEL RE DISCOVERY ISSUES; TELEPHONE CALL WITH K. SINCLAIR RE DEPOSITION DISCOVERY AND REMAINING DOCUMENT DISCOVERY; | 1.00 |
| Jul-08-11 | JIC | CONFERENCE WITH R. BERG RE; PROSPECTIVE DEPOSITION STRATEGY; | 3.00 |
| | JIC | CONFERENCE WITH R. BERG; REVIEW AAA SNE'S INTERROGATORY RESPONSES; | 1.50 |
| | RJB | READ CLIENT'S DEPOSITION TRANSCRIPT; DISCUSSED SAME WITH J. CARTON; AAA SNE DOCUMENT REVIEW FOR UPCOMING DEPOSITIONS; | 5.75 |
| Jul-11-11 | RJB | EMAIL TO KENT SINCLAIR RE 30(B)(6) DEPOSITION AND SEARCH TERMS; ANALYZED PROPOSED SEARCH TERMS; DOCUMENT REVIEW FOR DEPOSITIONS; | 4.50 |
| Jul-13-11 | RJB | DEVELOPED SEARCH TERMS FOR ELECTRONIC DISCOVERY PRODUCTION; DRAFTED NOTICE OF 30(B)(6) DEPOSITION; EMAIL TO DEFENDANTS' COUNSEL RE SEARCH TERMS AND EMPLOYEES WHOSE FILES SHOULD BE SEARCHED;  DOCUMENT REVIEW FOR DEPOSITION PREPARATION; | 5.00 |
| Jul-14-11 | JIC | EDIT/REVISE/REVIEW DRAFT 30(b)(6) NOTICE; CONFERENCE WITH R. BERG REGARDING SAME; | 0.50 |
| | RJB | PREPARED NOTICE OF RULE 30(B)(6) DEPOSITION AND DISCUSSED SAME WITH J. CARTON; DOCUMENT REVIEW FOR DEPOSITION PREPARATION; | 5.00 |
| Jul-19-11 | RJB | REVIEWED DEFENDANT'S DRAFT SUPPLEMENTAL PROTECTIVE ORDER AND RESEARCH RE SAME; | 1.00 |
| | CR | RECEIPT AND REVIEW MEMO FROM ATTORNEY REGARDING UPCOMING COURT APPEARANCE; DOCKET SAME; | 0.25 |
| Jul-20-11 | JIC | DEPOSITION PREPARATION WITH R. BERG AND M. BERG; | 2.50 |

May 29, 2013

| Invoice #: Sample | | File #:  16386-CONT | Page  9 |
|---|---|---|---|
| Aug-01-11 | JIC | REVIEW ECF POSTINGS; CONFERENCE WITH R. BERG REGARDING AUDIO RECORDINGS; REVIEW ADDITIONAL DOCUMENTS PRODUCED; | 1.75 |
| Aug-02-11 | RJB | REVIEWED LATEST DOCUMENT PRODUCTION; EMAILS FROM K. SINCLAIR RE DISCOVERY; REVIEWED AMENDED PROTECTIVE ORDER; | 0.75 |
| Aug-04-11 | RJB | DOCUMENT REVIEW. TELEPHONE CALL WITH K. SINCLAIR RE DISCOVERY ISSUES AND SCHEDULING; EMAIL TO J. CARTON RE SAME; | 4.75 |
| Aug-05-11 | RJB | DOCUMENT REVIEW; | 1.75 |
| Aug-08-11 | RJB | DOCUMENT REVIEW; | 4.50 |
| Aug-16-11 | RJB | DOCUMENT REVIEW; | 4.00 |
| Aug-17-11 | RJB | DOCUMENT REVIEW; | 3.50 |
| Aug-18-11 | RJB | DOCUMENT REVIEW; | 4.00 |
| Aug-19-11 | RJB | DOCUMENT REVIEW; | 3.00 |
| Aug-29-11 | RJB | DOCUMENT REVIEW; | 5.50 |
| Aug-30-11 | RJB | DOCUMENT REVIEW; EMAIL TO K. SINCLAIR RE STATUS OF PRODUCTION; | 5.00 |
| Aug-31-11 | RJB | DOCUMENT REVIEW; | 5.00 |
| Sep-01-11 | RJB | DOCUMENT REVIEW; | 5.25 |
| Sep-02-11 | RJB | DOCUMENT REVIEW; | 4.00 |
| Sep-06-11 | JIC | CONFERENCE WITH R. BERG REGARDING RENEWAL STATUS AND EFFECT ON ADEQUACY OF REPRESENTATION; | 0.75 |
| | RJB | DOCUMENT REVIEW; | 6.00 |
| Sep-07-11 | RJB | DOCUMENT REVIEW;  ANALYZED DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES; CONFERENCE WITH J. CARTON; | 6.00 |

May 29, 2013

| Invoice #:  Sample | | File #:  16386-CONT | | Page  10 |
|---|---|---|---|---|
| Sep-08-11 | RJB | DOCUMENT REVIEW; | | 5.00 |
| Sep-09-11 | RJB | DOCUMENT REVIEW; | | 5.00 |
| Sep-13-11 | RJB | DOCUMENT REVIEW; | | 2.00 |
| Sep-14-11 | RJB | DOCUMENT REVIEW; INTERROGATORY RESPONSE ANALYSIS; | | 3.00 |
| Sep-16-11 | JIC | REVIEW MULTIPLE EMAILS REGARDING DEFENDANT'S ADDITIONAL DISCOVERY PRODUCTION; | | 0.25 |
| | RJB | ANALYZED DEFENDANT'S LATEST DISCOVERY PRODUCTION; | | 2.00 |
| Sep-19-11 | RJB | DOCUMENT REVIEW; | | 5.25 |
| Sep-20-11 | RJB | DOCUMENT REVIEW; INTERROGATORY ANALYSIS; | | 7.25 |
| Sep-21-11 | RJB | DOCUMENT REVIEW; | | 5.25 |
| Sep-22-11 | RJB | DOCUMENT REVIEW; | | 4.50 |
| Sep-23-11 | RJB | DOCUMENT REVIEW; | | 5.00 |
| Sep-26-11 | RJB | DOCUMENT REVIEW; | | 4.50 |
| Sep-27-11 | RJB | DOCUMENT REVIEW; | | 1.75 |
| Sep-28-11 | RJB | DOCUMENT REVIEW; | | 4.50 |
| Sep-30-11 | JIC | REVIEW DEFENDANT'S SUPPLEMENTAL DISCOVERY RESPONSES; | | 0.75 |
| Oct-03-11 | RJB | ANALYZED DEFENDANTS' SUPPLEMENTAL INTERROGATORY RESPONSE RE FINANCIAL DATA; TELEPHONE CALL WITH KENT SINCLAIR RE SCHEDULING AND DEPOSITIONS; DOCUMENT REVIEW; | | 2.00 |
| Oct-04-11 | RJB | DOCUMENT REVIEW; | | 2.25 |
| Oct-05-11 | JIC | CONFERENCE WITH R. BERG; REVIEW DRAFT REVISED SCHEDULE; | | 0.50 |

May 29, 2013

| | Invoice #:  Sample | File #:  16386-CONT | Page  11 |
|---|---|---|---|

| Date | Initials | Description | Hours |
|---|---|---|---|
| | RJB | TELEPHONE CALL WITH KENT SINCLAIR RE DEPOSITIONS OF DEFENDANT'S WITNESSES; PROPOSED MODIFICATIONS TO PRE-TRIAL SCHEDULING ORDER; REVIEWED DRAFT SCHEDULING ORDER AND COMMENTS RE SAME; DOCUMENT REVIEW; | 4.00 |
| Oct-06-11 | RJB | REVIEWED AND REVISED JOINT MOTION RE SCHEDULING ORDER; DOCUMENT REVIEW; | 1.50 |
| Oct-07-11 | RJB | TELEPHONE CALLS WITH K. SINCLAIR RE JOINT MOTION TO REVISE SCHEDULING ORDER; REVIEWED JOINT MOTION RE SAME;  DOCUMENT REVIEW; | 1.25 |
| Oct-11-11 | RJB | DOCUMENT REVIEW; | 1.25 |
| Oct-12-11 | RJB | DOCUMENT REVIEW; | 1.25 |
| Oct-13-11 | JIC | REVIEW ECF POSTINGS REGARDING SCHEDULING ORDER; CONFERENCE WITH R. BERG REGARDING SAME; | 0.25 |
| | RJB | PREPARE FOR COURT CONFERENCE; EMAILS WITH DEFENDANTS' COUNSEL RE SAME; DOCUMENT REVIEW; | 2.50 |
| Oct-14-11 | RJB | DOCUMENT REVIEW; | 2.50 |
| Oct-15-11 | RJB | DOCUMENT REVIEW; | 1.00 |
| Oct-17-11 | RJB | DOCUMENT REVIEW; | 1.50 |
| Oct-18-11 | RJB | DOCUMENT REVIEW; | 1.50 |
| Oct-28-11 | RJB | PREPARE FOR DEPOSITIONS; | 3.00 |
| Oct-31-11 | RJB | DOCUMENT REVIEW; PREPARED DEPOSITION OUTLINE; | 4.00 |
| Nov-01-11 | RJB | DOCUMENT REVIEW AND PREPARED FOR 30(B)(6) DEPOSITIONS; | 5.50 |
| Nov-02-11 | RJB | DEPOSITION PREPARATION AND DOCUMENT REVIEW FOR 30B6 DEPOSITIONS; | 8.00 |
| Nov-03-11 | JIC | CONFERENCE WITH R. BERG RE: DEPOSITION STRATEGY AND REVIEW OF OUTLINE; | 3.50 |
| | RJB | DEPOSITION PREPARATION FOR 30B6 DEPOSITIONS; CONFERENCE WITH J. CARTON; | 8.25 |
| Nov-04-11 | RJB | PREPARED FOR DEPOSITIONS; | 6.00 |

May 29, 2013

Invoice #:  Sample               File #:  16386-CONT                    Page  12

| | | | |
|---|---|---|---|
| Nov-07-11 | JIC | CONFERENCE WITH R. BERG RE: PARTY DEPOSITIONS OF AAA SNE; | 3.00 |
| | RJB | PREPARED FOR WYATT AND MANTY DEPOSITIONS; CONFERENCE WITH J. CARTON; | 6.50 |
| Nov-08-11 | RJB | PREPARED FOR WYATT AND MANTY DEPOSITIONS; | 11.00 |
| Nov-09-11 | RJB | PREPARED FOR WYATT AND MANTY DEPOSITIONS; TRAVEL FROM NY TO PROVIDENCE FOR DEPOSITIONS; | 15.00 |
| | CR | TELEPHONE CONVERSATION WITH REPORT TO CONFIRM FOR TWO DAYS OF DEFENDANT'S DEPOSITIONS; PREPARE MEMO FOR R. BERG; | 0.30 |
| Nov-10-11 | RJB | PREPARED FOR AND DEPOSED MARY WYATT, SR. VP, AAA SNE; PREPARED FOR DEPOSITION OF STEPHEN MANTY, CFO; | 13.00 |
| | CR | TELEPHONE CONFERENCES WITH DEFENDANTS; TELEPHONE CONFERENCE WITH COURT REPORTER; | 0.25 |
| Nov-11-11 | RJB | PREPARED FOR AND DEPOSED STEPHEN MANTY, CFO OF AAA SNE; TRAVEL FROM PROVIDENCE TO NY; | 8.50 |
| Nov-14-11 | RJB | EMAILS WITH DEFENDANT'S COUNSEL RE DATE FOR COMPLETION OF 30B6 DEPOSITION; DISCUSSED DEPOSITIONS WITH M. BERG; | 0.50 |
| Nov-16-11 | RJB | DOCUMENT REVIEW; PREPARED FOR CONTINUED DEPOSITION OF MARY WYATT; | 3.50 |
| Nov-17-11 | RJB | DOCUMENT REVIEW; PREPARED FOR WYATT DEPOSITION; | 2.25 |
| Nov-18-11 | RJB | DOCUMENT REVIEW AND PREPARATION FOR WYATT DEPOSITION; | 3.00 |
| Nov-21-11 | RJB | DOCUMENT REVIEW; PREPARE FOR WYATT DEPOSITION; | 6.00 |
| Nov-22-11 | RJB | DOCUMENT REVIEW; PREPARE FOR WYATT DEPOSITION; | 7.25 |
| Nov-23-11 | RJB | DOCUMENT REVIEW; PREPARE FOR WYATT DEPOSITION; | 4.00 |
| Nov-28-11 | RJB | DOCUMENT REVIEW AND PREPARED FOR WYATT DEPOSITION; | 8.00 |
| Nov-29-11 | RJB | PREPARED FOR MARY WYATT DEPOSITION; READ TRANSCRIPT OF FIRST DAY OF WYATT DEPOSITION; TRAVEL TO PROVIDENCE, RI FOR WYATT DEPOSITION; | 15.00 |
| Nov-30-11 | RJB | PREPARED FOR AND DEPOSED MARY WYATT IN PROVIDENCE, RI; TRAVELED FROM PROVIDENCE TO NY; | 12.00 |

May 29, 2013

| Invoice #: Sample | | File #: 16386-CONT | Page 13 |

| Dec-01-11 | JIC | CONFERENCE WITH R. BERG RE; WYATT DEPOSITION AND PROSPECTIVE LITIGATION STRATEGY; | 0.75 |
| | RJB | DISCUSSED WYATT DEPOSITION WITH J. CARTON; REVIEWED HOT DOCUMENTS; READ TRANSCRIPT OF FIRST DAY OF WYATT DEPOSITION; | 1.50 |
| Dec-05-11 | RJB | DOCUMENT REVIEW; | 1.00 |
| Dec-06-11 | RJB | EMAIL TO DANIEL BLOUIN RE ADDITIONAL DEPOSITIONS; | 0.25 |
| Dec-08-11 | RJB | TELEPHONE CALL WITH DANIEL BLOUIN RE DEFENDANT'S INTERROGATORY RESPONSES AND ADDITIONAL DEPOSITIONS; REVIEWED TRANSCRIPT OF WYATT DEPOSITION; REVIEWED DEFENDANT'S INITIAL INTERROGATORY RESPONSES; | 3.75 |
| Dec-09-11 | RJB | REVIEWED SECOND DAY OF WYATT DEPOSITION TRANSCRIPT; | 2.00 |
| Dec-12-11 | RJB | READ MANTY DEPOSITION TRANSCRIPT; WYATT DEPOSITION TRANSCRIPT; RESEARCH RE CLASS CERT. MOTION; DOCUMENT REVIEW; | 8.00 |
| Dec-13-11 | RJB | DOCUMENT REVIEW; | 6.00 |
| Dec-14-11 | RJB | DOCUMENT REVIEW; REVIEWED WYATT DEPOSITION TRANSCRIPT; | 4.50 |
| Dec-15-11 | RJB | DOCUMENT REVIEW; REVIEWED CALIFORNIA DECISION DENYING CLASS CERT. AGAINST ACSC. DISCUSSED SAME WITH T. GARBER; | 4.50 |
| Dec-16-11 | RJB | DOCUMENT REVIEW; | 3.25 |
| Jan-03-12 | RJB | DOCUMENT REVIEW; | 1.00 |
| Jan-05-12 | RJB | DOCUMENT REVIEW; PREPARED FOR FERNANDES, TERWILLIGER, AND MARTIN DEPOSITIONS; | 7.25 |
| Jan-06-12 | JIC | CONFERENCE WITH R. BERG RE; ADDITIONAL AAA DEPOSITIONS AND LITIGATION STRATEGY; | 2.50 |
| | RJB | DOCUMENT REVIEW; PREPARED FOR FERNANDES, TERWILLIGER AND MARTIN DEPOSITIONS; CONFERENCE WITH J. CARTON; | 6.25 |
| Jan-09-12 | RJB | DOCUMENT REVIEW; PREPARED FOR TERWILLIGER, MARTIN AND FERNANDES DEPOSITIONS; TRAVEL TO PROVIDENCE FOR DEPOSITIONS. | 11.50 |
| | CR | TELEPHONE CONFERENCE WITH ALL PARTIES CONFIRMING EXAMINATION BEFORE TRIAL; | 0.25 |

May 29, 2013

| Invoice #: Sample | | File #:  16386-CONT | Page  14 |

| Jan-10-12 | RJB | DEPOSED TERWILLIGER, MARTIN AND FERNANDES; MEETING WITH DAN BLOUIN RE CASE; TRAVEL FROM PROVIDENCE TO NY; | 9.50 |
|---|---|---|---|
| Jan-11-12 | RJB | DISCUSSIONS WITH T. GARBER RE CLASS CERTIFICATION MOTION; RESEARCH RE SAME; | 4.75 |
| | TSG | REVIEW COMPLAINT; REVIEW DEPOSITION TESTIMONY; CONDUCT RESEARCH; ALL RELATED TO CLASS CERTIFICATION MOTION; | 8.00 |
| Jan-12-12 | RJB | WORK ON CLASS CERTIFICATION MOTION; | 4.75 |
| | TSG | REVIEW DEPOSITION TESTIMONY; CONDUCT RESEARCH; ALL RELATED TO CLASS CERTIFICATION MOTION; | 9.00 |
| Jan-13-12 | JIC | CONFERENCE WITH R. BERG REGARDING ADDITIONAL DEPOSITIONS AND LITIGATION STRATEGY; CONFERENCE REGARDING CLASS CERTIFICATION; | 0.75 |
| | RJB | CLASS CERTIFICATION MOTION; DIGESTED HELD DEPOSITION FOR MOTION; DISCUSSED CASE STATUS WITH J. CARTON; REVIEWED SUPPLEMENTAL INTERROGATORY RESPONSES PRODUCED BY DEFENDANT; | 6.25 |
| | TSG | REVIEW DEPOSITION TESTIMONY; CONDUCT RESEARCH; ALL RELATED TO CLASS CERTIFICATION MOTION; | 5.00 |
| Jan-17-12 | RJB | REVIEWED DEPOSITION TRANSCRIPTS FOR USE IN CLASS CERTIFICATION MOTION; | 5.00 |
| | TSG | REVIEW DEPOSITION TESTIMONY; REVIEW DISCOVERY; RESEARCH FOR CLASS CERTIFICATION MOTION; | 8.00 |
| Jan-18-12 | RJB | REVIEWED DEPOSITION TRANSCRIPTS AND EXHIBITS FOR USE IN MOTION FOR CLASS CERTIFICATION; | 2.00 |
| | TSG | REVIEW DEPOSITION TESTIMONY; REVIEW DISCOVERY; RESEARCH FOR CLASS CERTIFICATION MOTION; | 4.50 |
| Jan-19-12 | RJB | DISCUSSED CLASS CERT. HEARING IN AUTO CLUB OF S. CALIFORNIA WITH T. GARBER RE CLIENT CLASS CERT. MOTION; DISCUSSED SAME WITH J. CARTON; RESEARCH FOR CLIENT CLASS CERT. MOTION; | 4.75 |
| | TSG | REVIEW DEPOSITION TESTIMONY; REVIEW DISCOVERY; RESEARCH FOR CLASS CERTIFICATION MOTION; | 7.00 |
| Jan-20-12 | TSG | REVIEW DEPOSITION TESTIMONY; REVIEW DISCOVERY; RESEARCH FOR CLASS CERTIFICATION MOTION; | 5.50 |
| Jan-23-12 | RJB | DISCUSSED THOMPSON CLASS CERT. DENIAL WITH M. BERG RE AAA SNE CASE; DISCUSSED SAME WITH T. GARBER; RESEARCH FOR CLASS CERT. MOTION.; | 4.75 |

May 29, 2013

Invoice #:  Sample                    File #:  16386-CONT                    Page  15

|  | | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION | |
|---|---|---|---|
|  | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; RESEARCH REGARDING SAME; | 6.00 |
| Jan-24-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; RESEARCH REGARDING SAME; | 5.00 |
| Jan-25-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; RESEARCH REGARDING SAME; | 6.00 |
| Jan-26-12 | RJB | WORK ON CLASS CERT. MOTION; REVIEWED DEPOSITION EXHIBITS FOR SAME; | 2.00 |
|  | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; RESEARCH REGARDING SAME; | 5.00 |
| Jan-27-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; RESEARCH REGARDING SAME; | 5.00 |
| Jan-30-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; RESEARCH RELATING TO SAME; | 4.00 |
| Jan-31-12 | RJB | WORK ON CLASS CERTIFICATION MOTION; | 2.50 |
|  | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; RESEARCH RELATING TO SAME; | 3.00 |
| Feb-01-12 | TSG | CONTINUE DRAFTING MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION; RESEARCH RELATING TO SAME; | 1.00 |
| Feb-02-12 | TSG | CONTINUE DRAFTING MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION; RESEARCH RELATING TO SAME; | 3.00 |
| Feb-03-12 | RJB | WORK ON CLASS CERTIFICATION MOTION; | 1.00 |
|  | TSG | CONTINUE DRAFTING MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION; RESEARCH RELATING TO SAME; | 4.00 |
| Feb-06-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 5.00 |
| Feb-07-12 | RJB | RESEARCH AND REVISED CLASS CERT. MOTION AND DISCUSSED SAME WITH T. GARBER; | 3.00 |
|  | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 3.00 |

May 29, 2013

Invoice #:  Sample                          File #:  16386-CONT                          Page  16

| Feb-08-12 | RJB | WORK ON CLASS CERTIFICATION MOTION; | 5.00 |
| | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 5.00 |
| Feb-09-12 | RJB | WORK ON CLASS CERT. MOTION; DISCUSSIONS WITH T. GARBER RE SAME; | 3.00 |
| | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 1.50 |
| Feb-10-12 | RJB | CLASS CERTIFICATION MOTION; DISCUSSED SAME WITH T. GARBER.  REVISED SAME; | 2.25 |
| | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 4.00 |
| | CR | TELEPHONE CONFERENCES WITH COURT RE: FILING MOTION UNDER SEAL; CONFERENCES WITH T. GARBER; | 0.80 |
| Feb-12-12 | TSG | DRAFT MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND CONDUCT RESEARCH RELATING TO SAME; | 2.00 |
| Feb-13-12 | JIC | EDIT/REVISE DRAFT BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CONFERENCE WITH R. BERG AND T. GARBER REGARDING SAME; | 2.75 |
| | RJB | CLASS CERT. MOTION - REVISED AND DISCUSSED WITH T. GARBER; | 3.50 |
| | TSG | CONTINUE DRAFTING MOTION, MEMORANDUM AND DECLARATIONS IN SUPPORT OF CLASS CERTIFICATION; REVIEW EXHIBITS; RESEARCH REGARDING SAME; | 5.50 |
| Feb-14-12 | JIC | REVIEW FINAL MOTION FOR CLASS CERTIFICATION; CONFERENCE WITH T. GARBER AND R. BERG REGARDING SAME; | 1.50 |
| | TSG | CONTINUE DRAFTING MOTION, MEMORANDUM AND DECLARATIONS IN SUPPORT OF CLASS CERTIFICATION; REVIEW EXHIBITS; RESEARCH REGARDING SAME; | 8.00 |
| | CR | CONFERENCE WITH T. GARBER RE: MOTION FOR CLASS CERTIFICATION; | 0.20 |
| Feb-15-12 | RJB | FINALIZE MOTION FOR CLASS CERT. PAPERS WITH T. GARBER; | 4.50 |
| | TSG | FINALIZE MOTION, MEMORANDUM AND DECLARATIONS IN SUPPORT OF CLASS CERTIFICATION; | 7.00 |
| | CR | E-FILE MOTION FOR CLASS CERTIFICATION; PREPARE R. BERG DECLARATION AND EXHIBITS FOR E-FILING; E-FILE R. BERG DECLARATION, EXHIBITS AND CERTIFICATE OF | 3.00 |

May 29, 2013

Invoice #:  Sample                                   File #:  16386-CONT                                   Page  17

|  |  |  |  |
|---|---|---|---|
|  |  | SERVICE; PREPARE MOTION DOCUMENTS FOR TRANSMITTAL TO COURT CLERK FOR UN-REDACTED VERSION FILINGS; E-FILE REDACTED VERSIONS OF DOCUMENTS  WITH THE U.S.D.C. FOR THE DISTRICT OF CONNECTICUT;  E-FILE MOTION TO SEAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND ACCOMPANYING DECLARATION OF R. BERG; E-FILE MOTION TO CERTIFY CLASS; E-FILE MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY CLASS; E-FILE DECLARATION OF J. CARTON IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND SUPPORTING EXHIBIT  (1) TO MOTION; E-FILE DECLARATION OF R. BERG IN SUPPORT OF MOTION TO CERTIFY CLASS; E-FILE SUPPORTING EXHIBITS NOS. 1 THROUGH 17 TO R. BERG'S DECLARATION; |  |
| Feb-16-12 | RJB | RESEARCH OTHER CASES IN WHICH BLOUIN OPPOSED CONSUMER CLASS ACTIONS; | 2.50 |
| Feb-17-12 | JIC | TELEPHONE CONFERENCE WITH JUDGE UNDERHILL; CONFERENCE WITH R. BERG AND T. GARBER; | 0.50 |
|  | RJB | DISCUSSION WITH J. CARTON RE UPCOMING STATUS CONFERENCE WITH COURT; REVIEWED CASE MANAGEMENT ORDER; STATUS CONFERENCE WITH COURT; DISCUSSED SAME WITH T. GARBER; | 1.00 |
| Feb-29-12 | RJB | RESEARCH RE CLASS CERTIFICATION MOTION FOR REPLY BRIEF; | 3.25 |
| Mar-02-12 | RJB | RESEARCH FOR CLASS CERT. REPLY BRIEF; | 1.75 |
| Mar-15-12 | RJB | READ DEFENDANT'S OPPOSITION PAPERS TO CLASS CERT; | 2.25 |
| Mar-16-12 | JIC | REVIEW OPPOSITION PAPERS TO MOTION FOR CLASS CERTIFICATION; CONFERENCE WITH  R. BERG AND T. GARBER RE: SAME; | 2.75 |
|  | RJB | ANALYZED DEFENDANT'S PAPERS IN OPP. TO CLASS CERTIFICATION; DISCUSSED SAME WITH T. GARBER; SAME WITH J. CARTON; | 5.75 |
|  | TSG | REVIEW DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION; WORK ON REPLY; RESEARCH RELATING TO REPLY; CONFER WITH R. BERG REGARDING REPLY; | 5.00 |
| Mar-18-12 | TSG | REVIEW DEFENDANT'S OPPOSITION TO CLASS CERTIFICATION; | 2.00 |
| Mar-19-12 | RJB | REPLY BRIEF ON CLASS CERT.; RESEARCH RE SAME; REVIEWED DEPOSITION TRANSCRIPTS FOR REPLY; RESEARCHED DEFENDANT'S EXPERT; | 4.00 |
|  | TSG | WORK ON REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION | 7.00 |

May 29, 2013

Invoice #:  Sample                    File #:  16386-CONT                    Page  18

| Mar-20-12 | RJB | CLASS CERT. REPLY BRIEF; | 2.25 |
| | TSG | WORK ON REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION | 7.50 |
| Mar-21-12 | TSG | WORK ON REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 5.00 |
| Mar-22-12 | RJB | CLASS CERT. REPLY BRIEF; | 1.75 |
| | TSG | WORK ON REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 6.00 |
| Mar-23-12 | RJB | REVISED FIRST DRAFT REPLY BRIEF ON CLASS CERTIFICATION; | 2.00 |
| | TSG | WORK ON REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 6.00 |
| Mar-26-12 | RJB | RESEARCHED AND REVISED DRAFT REPLY RE CLASS CERTIFICATION; | 5.00 |
| Mar-28-12 | RJB | WORK ON CLASS CERT. REPLY BRIEF.  REVIEWED DEPOSITION TRANSCRIPTS FOR SAME; | 3.00 |
| | TSG | CONTINUE WORK ON CLASS CERTIFICATION REPLY PAPERS; | 4.00 |
| Mar-29-12 | RJB | WORK ON CLASS CERT. REPLY BRIEF.  REVIEW AAA SNE DOCUMENT PRODUCTION RE SAME; | 4.75 |
| | TSG | CONTINUE WORK ON CLASS CERTIFICATION REPLY PAPERS; | 6.00 |
| Mar-30-12 | RJB | RESEARCH RE DEFENDANT'S CLASS CERT. EXPERT; | 1.00 |
| Apr-02-12 | TSG | CONTINUE TO WORK ON REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 4.00 |
| Apr-03-12 | TSG | CONTINUE TO WORK ON REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 5.00 |
| Apr-04-12 | TSG | CONTINUE TO WORK ON REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 3.50 |
| Apr-05-12 | TSG | CONTINUE TO WORK ON REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 3.00 |
| Apr-06-12 | RJB | WORK ON CLASS CERT. REPLY BRIEF; DISCUSSED SAME WITH T. GARBER. | 3.50 |
| | TSG | CONTINUE TO WORK ON REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; | 6.00 |

May 29, 2013

Invoice #:  Sample                    File #:  16386-CONT                    Page  19

| | | | |
|---|---|---|---|
| Apr-09-12 | RJB | RESEARCH AND WORK ON REPLY BRIEF RE CLASS CERTIFICATION; DISCUSSIONS WITH T. GARBER RE SAME; TELEPHONE CONFERENCE WITH DAN BLOUIN RE: FILING OVERLONG BRIEF AND DEFERRING EXPERT WITNESS DEPOSITION; | 7.25 |
| | TSG | CONTINUE DRAFTING REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION; | 6.00 |
| Apr-10-12 | JIC | EDIT/REVISE DRAFT REPLY TO OPPOSITION TO MOTION FOR CLASS CERTIFICATION; | 4.00 |
| | RJB | RESEARCH AND REVISED REPLY BRIEF ON CLASS CERTIFICATION; DISCUSSIONS WITH T. GARBER RE SAME; LETTER TO COURT RE REPLY PAGE EXTENSION; | 7.00 |
| | TSG | CONTINUE DRAFTING REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION; | 8.00 |
| Apr-11-12 | JIC | EDIT/REVIEW/REVISE DRAFT REPLY BRIEF; CONFERENCE WITH T. GARBER REGARDING INCORPORATING JUDGE BIANCO'S DECISION REGARDING PROSPECTIVE BENEFITS OF MEMBERSHIP FEE; | 3.50 |
| | RJB | REVISED AND EDITED REPLY BRIEF ON CLASS CERTIFICATION; REVIEWED DEPOSITION TRANSCRIPTS FOR EXCERPTS FOR USE AS EXHIBITS. DISCUSSIONS WITH T. GARBER RE REVISIONS TO BRIEF; | 7.25 |
| | TSG | CONTINUE DRAFTING REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION; | 1.50 |
| Apr-12-12 | RJB | REVISED AND EDITED REPLY BRIEF RE CLASS CERTIFICATION; DISCUSSED SAME WITH T. GARBER; | 3.75 |
| | TSG | CONTINUE DRAFTING REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION; | 5.00 |
| Apr-13-12 | JIC | REVIEW/EDIT/REVISE ADDITIONAL DRAFT OF REPLY BRIEF; REVIEW AFFIDAVIT IN OPPOSITION; CONFERENCE WITH T. GARBER REGARDING SAME; REVIEW CLIENT'S COMMENTS REGARDING SAME; | 3.50 |
| | RJB | EDITED AND REVISED REPLY BRIEF RE CLASS CERTIFICATION; DISCUSSIONS WITH T. GARBER RE SAME; | 3.50 |
| | TSG | CONTINUE DRAFTING REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION; REVIEW CLIENTS COMMENTS; EMAIL WITH CLIENT; EDIT BRIEF WITH CLIENT'S CHANGES IN MIND; | 6.00 |
| Apr-15-12 | TSG | DRAFT AND REVIEW REPLY CLASS CERTIFICATION MEMORANDUM; DRAFT DECLARATION IN SUPPORT; REVIEW TRANSCRIPT OF HELD DEPOSITION; | 2.00 |
| Apr-16-12 | JIC | CONTINUED REVIEW OF BRIEF; | 1.75 |

May 29, 2013

Invoice #:  Sample                     File #:  16386-CONT                          Page  20

| | | | |
|---|---|---|---|
| | RJB | FINALIZE REPLY BRIEF RE CLASS CERT.; SUPPLEMENTAL DECLARATION AND COVER LETTER; DISCUSSIONS WITH T. GARBER RE SAME; | 7.00 |
| | TSG | DRAFT AND REVIEW REPLY CLASS CERTIFICATION MEMORANDUM; DRAFT DECLARATION IN SUPPORT; DRAFT LETTER TO THE COURT; REVIEW BRIEF AND EDIT; | 3.00 |
| | CR | RECEIPT AND REVIEW MEMO TO PREPARE FOR EFILING REPLY MEMORANDUM, AND DECLARATION; SCAN,DOWNLOAD REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION SCAN, DOWNLOAD SUPPLEMENTAL DECLARATION OF ROBERT BERG WITH EXHIBIT; EFILE REPLY BRIEF AND DECLARATION; PRINT CONFIRMATION OF E-FILING FOR FILE; FORWARD DOCUMENTS VIA EMAIL TO ADVERSARY; | 0.50 |
| Apr-19-12 | RJB | REVIEWED EFILING NOTICE FROM COURT; | 0.25 |
| Jul-11-12 | RJB | READ CT. COMMUNICATION RE CLASS CERT. HEARING DATE; REVIEWED COURT DOCKET; READ CLASS CERT. MOTION PAPERS; | 3.50 |
| Jul-12-12 | JIC | EMAILS WITH CLERK REGARDING SCHEDULING ORAL ARGUMENT; | 0.25 |
| Aug-13-12 | RJB | PREPARE FOR CLASS CERT. HEARING; REVIEWED JUDGE UNDERHILL'S CLERK'S EMAIL RE ILLEGIBLE EXHIBIT; REVIEWED EXHIBIT; DISCUSSED SAME WITH T. GARBER; SAME WITH J. CARTON; | 7.50 |
| Aug-14-12 | RJB | PREPARED FOR CLASS CERT. HEARING; REVIEWED RECORD EVIDENCE; DEPOSITIONS OF AAA SNE WITNESSES; REVIEWED PLAINTIFF'S TRANSCRIPT; | 7.50 |
| Aug-15-12 | JIC | PREPARATION FOR HEARING; REVIEW ALL BRIEFING AND EXHIBITS; | 5.50 |
| | RJB | READ PLAINTIFF'S DEPOSITION TRANSCRIPT; READ MARTIN, HERNANDES AND MARY WYATT DEPOSITION TRANSCRIPTS; RESEARCHED RECENT CLASS CERT. DECISIONS IN SECOND CIRCUIT; | 7.75 |
| Aug-16-12 | JIC | PREPARE FOR CLASS CERTIFICATION HEARING AT USDC; REVIEW DOCUMENTS; REVIEW ALL BRIEFING; REVIEW UNDERHILL DECISIONS IN CLASS CERTIFICATION; CREATE OUTLINE FOR PRESENTATION; CONFERENCE WITH R. BERG; | 6.50 |
| | RJB | PREPARED FOR CLASS CERT. HEARING; MEETING WITH J. CARTON RE SAME; REVIEWED RECORD EVIDENCE SUPPORTING CLASS CERT; READ JUDGE UNDERHILL'S CLASS CERT. DECISIONS; DUPLER. DISCUSSED PREPARATION FOR CLASS CERT. HEARING WITH T. GARBER; | 8.50 |
| | TSG | RESEARCH NEW CASELAW IN ADVANCE OF CLASS CERTIFICATION HEARING; RESEARCH ANY CASES BY JUDGE UNDERHILL; | 0.40 |

May 29, 2013

Invoice #:  Sample                          File #:  16386-CONT                          Page  21

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| Aug-17-12 | JIC | FINALIZE OUTLINE REGARDING ORAL ARGUMENT; TRAVEL TO/FROM BRIDGEPORT, CT; ATTEND HEARING USDC/BRIDGEPORT, CT; CONFERENCE WITH L. HELD AND R. BERG; ARGUMENT BEFORE UNDERHILL, J; | 7.50 |
| | RJB | PREPARED FOR AND APPEARED FOR CLASS CERTIFICATION HEARING BEFORE JUDGE UNDERHILL WITH J. CARTON AND LINDSAY HELD; | 9.50 |
| Aug-28-12 | CR | REVIEW DOCKET AND COURT WEBSITE TO DETERMINE COURT REPORT FOR MOTION HEARING; PREPARE FAX TO COURT REPORTER FOR COPY OF HEARING TRANSCRIPT; | 0.40 |
| Aug-29-12 | CR | RECEIPT AND REVIEW E-MAIL FROM COURT REPORTER WITH TRANSCRIPT INVOICE; DOWNLOAD AND PRINT TRANSCRIPT; MAKE SEVERAL COPIES OF VARIOUS ATTORNEY; SCAN AND E-MAIL TRANSCRIPT TO ATTORNEY; | 0.40 |
| Sep-12-12 | JIC | REVIEW JUDGE UNDERHILL'S RULING ON MOTION FOR CLASS CERTIFICATION; CONFERENCE WITH R. BERG; CONFERENCE WITH CLIENT; | 0.75 |
| Sep-13-12 | JIC | TELEPHONE CONFERENCE WITH CLIENT; RESPOND TO MEDIA INQUIRIES; REVIEW UNDERHILL'S ORDER REGARDING NOTICE; TELEPHONE CONFERENCE WITH PROSPECTIVE CLASS ACTION ADMINISTRATORS; | 1.75 |
| Sep-19-12 | JIC | CONFERENCE WITH T. GARBER AND R. BERG REGARDING NEXT STEPS AND NOTICE CAMPAIGN; | 0.50 |
| Sep-24-12 | JIC | CONFERENCE WITH T. GARBER AND R. BERG REGARDING CLASS NOTICE AND DAMAGES EXPERT; REVIEW PROSPECTIVE EXPERTS' CVS; | 1.75 |
| Sep-27-12 | JIC | TELEPHONE CONFERENCE WITH CLASS ADMINISTRATOR REGARDING CLASS NOTICE AND ADMINISTRATION; REVIEW SECOND CIRCUIT FILING REGARDING REQUEST FOR INTERLOCUTORY APPEAL FROM CLASS CERTIFICATION DECISION; | 1.50 |
| | TSG | RESEARCH RELATING TO 23(F) PETITION; DRAFT OPPOSITION TO RULE 23(F) PETITION; | 8.00 |
| Sep-28-12 | JIC | EMAILS WITH OPPOSING COUNSEL; CONFERENCE WITH R. BERG REGARDING SAME AND NOTICE ADMINISTRATOR; | 0.50 |
| | TSG | CONTINUE TO WORK ON OPPOSITION RULE 23(F) PETITION; | 2.50 |
| Sep-29-12 | TSG | CONTINUE TO WORK ON OPPOSITION RULE 23(F) PETITION; | 2.00 |
| Oct-01-12 | JIC | TELEPHONE CONFERENCE WITH OPPOSING COUNSEL; CONFERENCE WITH  R. BERG; REVIEW MOTION TO STAY PROCEEDINGS FILED BY DEFENDANT; REVIEW DRAFT CORRESPONDENCE TO JUDGE UNDERHILL; REVIEW | 3.50 |

May 29, 2013

Invoice #:  Sample                     File #:  16386-CONT                     Page  22

|  |  | DRAFT NOTICE OF PENDENCY OF CLASS ACTION; CONFERENCE WITH R. BERG RE: SAME; |  |
|---|---|---|---|
|  | RJB | CONFERENCE CALL WITH J. CARTON AND D. BLOUIN RE SETTLEMENT POSSIBILITIES, SCHEDULING, CLASS NOTICE; DISCUSSED SAME WITH T. GARBER; WORK ON OPPOSITION TO DEFENDANT'S PETITION FOR RULE 23(F) REVIEW; | 6.50 |
|  | TSG | RESEARCH 23(F) OPPOSITION; | 1.00 |
| Oct-02-12 | JIC | TELEPHONE CONFERENCE RE: NOTICE AND CLASS ACTION ADMINISTRATION; EMAILS WITH PROSPECTIVE DAMAGES EXPERTS; | 1.75 |
|  | RJB | RESEARCH RE OPP. TO DEFENDANT'S PETITION FOR RULE 23(F) REVIEW; TELEPHONE CALL WITH D. BLOUIN RE POSSIBLE MODIFICATIONS TO SCHEDULING ORDER AND LETTER TO COURT RE SAME. READ DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL; | 3.75 |
|  | TSG | DRAFT 23(F) OPPOSITION; | 6.00 |
| Oct-03-12 | RJB | REVISED PLAINTIFF'S OPP. TO DEFENDANT'S PETITION FOR RULE 23(F) REVIEW; DISCUSSIONS WITH T. GARBER RE SAME; RESEARCH RE SAME; | 4.50 |
|  | TSG | CONTINUE DRAFTING 23(F) OPPOSITION | 5.00 |
| Oct-04-12 | JIC | EDIT/REVISE/REVIEW DRAFT BRIEF IN OPPOSITION TO REQUEST FOR INTERLOCUTORY APPEAL OF CLASS CERTIFICATION DECISION; CONFERENCE WITH  T. GARBER RE: SAME; CONFERENCE WITH  R. BERG RE: PROPOSED DISCOVERY SCHEDULE; REVIEW EMAILS FORM OPPOSING COUNSEL; | 3.50 |
|  | RJB | WORK ON PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 23(F) PETITION; TELEPHONE CONFERENCE WITH D. BLOUIN RE PROPOSED MODIFICATIONS TO SCHEDULING ORDER; DRAFTED PLAINTIFF'S PROPOSED DATES AND DISCUSSED SAME WITH J. CARTON; | 3.25 |
|  | TSG | CONTINUE WORKING ON OPPOSITION TO 23(F); | 3.00 |
| Oct-05-12 | RJB | REVISE PLAINTIFF'S OPPOSITION TO DEFENDANT'S PETITION FOR RULE 23(F) APPEAL; DISCUSSED SAME WITH T. GARBER; | 4.00 |
|  | TSG | CONTINUE WORKING ON OPPOSITION TO 23(F); | 4.00 |
| Oct-08-12 | TSG | DRAFT OPPOSITION TO 23(F) APPEAL; | 4.00 |

May 29, 2013

Invoice #:  Sample                 File #:  16386-CONT                 Page  23

| Date | Init. | Description | Hours |
|---|---|---|---|
| Oct-09-12 | JIC | CONFERENCE WITH R. BERG REGARDING CASE MANAGEMENT CONFERENCE AND RESPONSE TO OPPOSING COUNSEL'S PROPOSAL; | 1.00 |
| | RJB | FINALIZE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RULE 26(F) PETITION. DISCUSSED SAME WITH T. GARBER. DISCUSSED DEFENDANT'S PROPOSED DATES TO CONFER WITH COURT WITH D. BLOUIN; DISCUSSED SAME WITH J. CARTON; | 2.25 |
| | TSG | DRAFT FINALIZE FILE OPPOSITION TO RULE 23(F) APPEAL; | 4.50 |
| | CR | PREPARE OPPOSITION TO DEFENDANT'S MOTION TO APPEAL FOR E-FILING; E-FILE OPPOSITION TO MOTION TO APPEAL; | 0.50 |
| Oct-10-12 | RJB | TELEPHONE CALL WITH DAN BLOUIN RE CLASS NOTICE AND SCHEDULING MATTERS.  TELEPHONE CALL WITH JUDGE UNDERHILL'S CLERK RE SAME; DISCUSSED SAME WITH T. GARBER; REVIEWED PLAINTIFF'S DRAFT CLASS NOTICE.  READ DEFENDANT'S MOTION FOR STAY PENDING APPEAL; | 3.25 |
| Oct-11-12 | JIC | CONFERENCE WITH R. BERG REGARDING LITIGATION STRATEGY; REVIEW ECF POSTING REGARDING REVISED DISCOVERY SCHEDULE REQUEST; REVIEW EMAILS FROM OPPOSING COUNSEL; REVIEW ECF POSTING REGARDING DENIAL OF DEFENDANT'S MOTION FOR A STAY; TELEPHONE CONFERENCE WITH PROSPECTIVE DAMAGES EXPERT; REVIEW CV; | 1.75 |
| Oct-12-12 | JIC | EDIT/REVISE DRAFT DECLARATION WITH PROPOSED NOTICE TO CLASS; CONFERENCE WITH R. BERG REGARDING SAME; REVIEW MULTIPLE EMAILS WITH OPPOSING COUNSEL REGARDING SCHEDULING AND FORM OF NOTICE; | 1.50 |
| | CR | PREPARE PROPOSED NOTICE OF PENDENCY OF CLASS ACTION AND EXHIBITS FOR E-FILING; E-FILE DOCUMENTS; | 0.40 |
| Oct-15-12 | JIC | REVIEW ECF POSTING REGARDING SUBMISSION OF REVISED SCHEDULING ORDER; CONFERENCE WITH R. BERG REGARDING DAMAGES STRATEGY AND ADDITIONAL TRIAL READINESS; CONFER WITH CLASS ADMINISTRATORS REGARDING NOTICE; | 1.50 |
| Oct-18-12 | JIC | MEETING WITH DAMAGES EXPERT; CONFERENCE WITH R. BERG AND T. GARBER REGARDING NOTICE AND DISCOVERY SCHEDULE; | 1.50 |
| | TSG | REVIEW DEFENDANTS PROPOSED SCHEDULE AND CONFER WITH R. BERG REGARDING SAME AND REVIEW NOTICES; EXPERT MEETING; | 1.00 |
| Oct-19-12 | JIC | CONFERENCE WITH R. BERG AND T. GARBER REGARDING CONFERENCE WITH D. BLOUIN REGARDING SCHEDULING DISPUTE; | 0.50 |

May 29, 2013

| | Invoice #: Sample | | File #: 16386-CONT | Page 24 |
|---|---|---|---|---|

| | TSG | CALL WITH DEFENDANTS RELATING TO SCHEDULE AND NOTICES; REVIEW DOCUMENTS RELATING TO SAME; | 0.70 |
|---|---|---|---|
| Oct-25-12 | JIC | EDIT/REVISE DRAFT CORRESPONDENCE TO JUDGE UNDERHILL; CONFERENCE WITH R. BERG RE: SAME; REVIEW DEFENDANT'S LETTER TO COURT; REVIEW NUMEROUS EMAILS WITH CLERK; | 0.75 |
| | TSG | REVIEW LETTER TO JUDGE UNDERHILL; REVIEW DEFENDANTS' RESPONSE LETTER; ASSIST IN FILING BASED ON FILING ERROR AND COMMUNICATION WITH THE COURT; | 1.00 |
| Oct-26-12 | JIC | CONFERENCE WITH T. GARBER AND R. BERG; REVIEW CORRESPONDENCE TO JUDGE UNDERHLL; CONFERENCE WITH R. BERG RE: SOLICITATION OF ADMINISTRATORS' BIDS; | 0.75 |
| Nov-06-12 | RJB | REVIEWED DRAFT RETAINER LETTER; DRAFTED LANGUAGE RE SCOPE; TELEPHONE CALL WITH EXPERT RE: RETAINER; | 4.50 |
| Nov-09-12 | RJB | RESEARCH RE MOTION FOR SUMMARY JUDGMENT; REVIEWED DRAFT RETAINER AGREEMENT FROM EXPERT; | 4.75 |
| Nov-12-12 | RJB | RESEARCH RE MOTION FOR SUMMARY JUDGMENT; REVIEWED DEPOSITIONS RE SAME; | 4.75 |
| Nov-13-12 | RJB | RESEARCH RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; | 5.00 |
| Nov-14-12 | RJB | ANALYZED AAA INTERROGATORY RESPONSES RE DAMAGES CALCULATION; | 4.50 |

May 29, 2013

Invoice #:  Sample                File #:  16386-CONT                    Page  25

| Lawyer/Para | Hours | Rate | Amount |
|---|---|---|---|
| JIC | 133.00 | $575.00 | $76,475.00 |
| RJB | 822.40 | $575.00 | $472,880.00 |
| TSG | 274.60 | $525.00 | $144,165.00 |
| CR | 17.00 | $125.00 | $2,125.00 |
| TOTAL | 1247.00 | | ;695,645.00 |

## DISBURSEMENTS

| | | |
|---|---|---|
| | Telephone | $90.40 |
| | Express Mail | $135.36 |
| | Transcripts | $59.35 |
| | Process Services | $650.00 |
| | Court Fees | $350.00 |
| | Paraprofessional | $227.50 |
| | Lexis, Westlaw | $1,485.94 |
| | Travel /Misc | $1,348.45 |
| | Copies | $413.75 |
| | PACER | $71.90 |
| Sep-13-11 | INV. NO. 18901/Copies Unlimited | $4,197.92 |
| Oct-06-11 | Fee for Certified Copy of Transcript from Merrill Corporation/Legalink, Inc. | $848.90 |
| Oct-07-11 | INV. NO. 19123/COPIES UNLIMITED | $4,317.86 |
| Oct-21-11 | Fee for copies unlimited/Inv. No. 19134 | $1,276.60 |
| Dec-30-11 | INV. NO. 19309/FILE NO. 16386 Copies Unlimited | $5,602.89 |
| | INVS. 28083 & 28109 PIP PRINTING | $485.01 |
| Jan-09-12 | 01/10/12-Travel & Lodging | $490.48 |

May 29, 2013

Invoice #:  Sample                    File #:   16386-CONT                              Page  26

| | | | |
|---|---|---|---|
| Feb-03-12 | INV. NO. EQ115771 | $1,272.98 | |
| Feb-16-12 | INV. NO. EQ115865/FILE NO. 16386-ESQUIRE DEPOSITION SOLUTIONS | $533.45 | |
| Apr-13-12 | INV. NO. 324072/FEE FOR ESQUIRE DEPOSITION SOLUTIONS, LLC | $1,411.92 | |
| | INV. NO. EQ116495/FILE NO. 16386/FEE FOR ESQUIRE DEPOSITION | $1,489.60 | |
| | Totals | $26,760.26 | |

**Total of Current Charges**                                         $695,645.00
**Total of Disbursements and Costs**                                 $26,760.26
**Previous Outstanding Balance**                                     $0.00
**Less Receipts**                                                    $0.00
**Less Retainer**                                                    $0.00

**Balance Due Now**                                                  $722,405.26
**Remaining Credit Balance**                                         $0.00
**CASE NOTES:**

# DENLEA & CARTON LLP

One North Broadway, Suite 509
White Plains, NY 10601
(914) 920-7400
Tax ID#46-1571705

*PERSONAL AND CONFIDENTIAL*

July 23, 2013

Held v. AAA Southern New England
Civ. Action No.:3-11-cv-00105(SRU)

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jan-03-13 | Research regarding possible motion for summary judgment; | 4.50 | 2,587.50 | RJB |
| Jan-08-13 | Research regarding possible motion for summary judgment; | 3.75 | 2,156.25 | RJB |
| Jan-10-13 | Review deposition transcripts for use in summary judgment motion; | 4.25 | 2,443.75 | RJB |
| Jan-11-13 | Review deposition transcripts for use in summary judgment motion; | 3.50 | 2,012.50 | RJB |
| Jan-15-13 | Research for summary judgment motion; review deposition transcripts for same; | 4.50 | 2,587.50 | RJB |
| Jan-17-13 | Review deposition transcripts for summary judgment motion; | 4.25 | 2,443.75 | RJB |
| Jan-18-13 | Conference with R. Berg regarding damages models and prospective trial strategy; | 2.50 | 1,437.50 | JIC |
|  | Analyzed damages; damages model; | 3.00 | 1,725.00 | RJB |
| Jan-21-13 | Deposition review for summary judgment motion; | 2.75 | 1,581.25 | RJB |
| Jan-22-13 | Deposition review for use in summary judgment motion; legal research re: same; | 4.75 | 2,731.25 | RJB |
| Jan-23-13 | Review correspondence to court; conference with R. Berg re: same; | 1.00 | 575.00 | JIC |

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| | Read email from Judge Underhill's law clerk re: scheduling issues; discussed same with J. Carton; drafted notices of appearances;deposition review; | 5.75 | 3,306.25 | RJB |
| Jan-24-13 | Review email to Underhill, J.; review ECF posting; | 0.50 | 287.50 | JIC |
| | Email to Judge Underhill's law clerk; filed notices of appearance; review docket;deposition review for summary judgment motion; | 5.50 | 3,162.50 | RJB |
| Jan-28-13 | Conference with R. Berg re summary judgment filing; review case law re: same; | 3.50 | 2,012.50 | JIC |
| | Continued deposition review for use in summary judgment motion; reviewed documents for inclusion in same; | 5.50 | 3,162.50 | RJB |
| Jan-29-13 | Read defendant's letter re: ESI destruction; discussed same with J. Carton; reviewed docket re: class notice and scheduling; | 1.50 | 862.50 | RJB |
| Jan-31-13 | Review Second Circuit mandate; email to opposing counsel; review correspondence re: preparation for conference call with Underhill, J; conference with R. Berg re: same; | 2.50 | 1,437.50 | JIC |
| | Conference with J. Carton re: 2nd Circuit mandate and strategy re: same; reviewed deposition transcripts for summary judgment motion; | 4.25 | 2,443.75 | RJB |
| Feb-01-13 | Reviewed 2nd Circuit mandate; prepare for conference call with Court; meeting with R. Berg re: same; participated in conference call with Court re: class notice; Defendant's request to reopen discovery; scheduling issues; work on draft schedule for expert discovery, summary judgment and class notice; | 4.75 | 2,731.25 | JIC |
| | Reviewed 2nd Circuit mandate; prepare for conference call with Court; meeting with J. Carton re: same; participated in conference call with Court re: class notice; Defendant's request to reopen discovery; scheduling issues; work on draft schedule for expert discovery, summary judgment and class notice; | 4.75 | 2,731.25 | RJB |
| Feb-04-13 | Teleconference with Class Administration | 4.50 | 2,587.50 | RJB |

Services re: bid for class notice program; revised plaintiff's form of proposed long form notice; research re: Plaintiff's motion for summary judgment as to liability;

| Date | Description | Hours | Amount | |
|---|---|---|---|---|
| Feb-05-13 | Teleconference with D. Blouin; conference with R. Berg; | 0.75 | 431.25 | JIC |
| | Communication with Class Administrator re: class notice program; research re: summary judgment motion re: liability; conference with J. Carton re: settlement discussion; | 4.25 | 2,443.75 | RJB |
| Feb-06-13 | Teleconference with opposing counsel; | 0.50 | 287.50 | JIC |
| | Communication with Class Administrator re: class notice program; work on summary judgment motion; review depositions of AAA employee re: same; discussed settlement; telephone conference with J. Carton; | 4.50 | 2,587.50 | RJB |
| Feb-07-13 | Teleconference with opposing counsel; emails with expert; conference with R. Berg re: damages calculation; teleconference with Court; review ECF posting re: revised schedule; | 3.75 | 2,156.25 | JIC |
| | Teleconference with expert re: preparing damages analysis; discussed upcoming settlement meeting with Defendant's counsel with J. Carton; Analyze settlement constructs from similar class action; communication with class administrator re: settlement website design; | 6.25 | 3,593.75 | RJB |
| Feb-08-13 | Emails with opposing counsel re: settlement conference; communications with prospective expert witness; conference with R. Berg re: same; | 2.50 | 1,437.50 | JIC |
| | Receive and review Expert's Retainer Agreement; discussed same with J. Carton; reviewed Order re: memorandum of conference; discussed dates for settlement meetings with J. Carton; reviewed AAA deposition for summary judgment evidence; conference with J. Carton re: expert witness and damages analysis; | 5.75 | 3,306.25 | RJB |

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| Feb-11-13 | Teleconference with prospective class administrators; | 0.50 | 287.50 | JIC |
| Feb-12-13 | Research re: settlement constructs; reviewed interrogatory responses re: developing damages methodology; reviewed deposition transcripts for use in summary judgment motion; | 5.50 | 3,162.50 | RJB |
| Feb-14-13 | Teleconference with expert; conference with R. Berg; emails with opposing counsel; work on damages model and calculations; | 4.25 | 2,443.75 | JIC |
| | Teleconference with experts and J. Carton re: damages methodology ; analyzed damages model and discussed same with J. Carton; communications with expert re: developing damages construct; discussed preparation for settlement discussions with J. Carton; research for summary judgment motion; | 6.50 | 3,737.50 | RJB |
| Feb-15-13 | Work on damages model; | 3.25 | 1,868.75 | RJB |
| Feb-19-13 | Reviewed preliminary draft of expert analysis on damages; | 2.00 | 1,150.00 | RJB |
| Feb-25-13 | Review expert's calculations; conference with R. Berg re: same; voicemail for opposing counsel; teleconference with D. Blouin; | 1.75 | 1,006.25 | JIC |
| | Analyzed expert damages calculations; meeting with J. Carton re: same; prepare for settlement negotiations; discuss same with J. Carton; | 3.25 | 1,868.75 | RJB |
| Feb-26-13 | Prepare for settlement negotiations; review evidence for same; | 6.00 | 3,450.00 | RJB |
| Feb-27-13 | Prepare for settlement conference with opposing counsel; | 3.75 | 2,156.25 | JIC |
| | Prepare for settlement conference; discussions with J. Carton re: same; | 3.25 | 1,868.75 | RJB |
| Feb-28-13 | Participated in settlement negotiations; discussions with R. Berg re: same and settlement strategy; research issues raised during settlement negotiations; | 9.75 | 5,606.25 | JIC |
| | Participated in settlement negotiations; discussions with J. Carton re: same and | 9.75 | 5,606.25 | RJB |

|  |  |  |  |  |
|---|---|---|---|---|
|  | settlement strategy; research issues raised during settlement negotiations; |  |  |  |
| Mar-01-13 | Emails with opposing counsel; conference with R. Berg re: damages calculation and prospective settlement strategy; | 2.50 | 1,437.50 | JIC |
|  | Meetings with J. Carton re: settlement strategy; research re: same; refined damages analysis; reviewed Class Administrator's overview materials;reviewed materials from other potential claims administrators; | 4.25 | 2,443.75 | RJB |
| Mar-04-13 | Review additional information produced by defendant; conference with R. Berg re: damages calculation; | 1.50 | 862.50 | JIC |
|  | Analyzed supplemental data prepared by defendant regarding settlement analysis; discussed same with J. Carton; revised damages calculations based on supplemental information;research re: settlement constructs; | 2.75 | 1,581.25 | RJB |
| Mar-05-13 | Prepare for settlement conference; conference with R. Berg re: same; review expert's calculations; create financial models and projections; draft joint motion for extension of deadlines; emails with Judge Underhill's clerk; emails with H.Lussier and opposing counsel; | 6.00 | 3,450.00 | JIC |
|  | Prepared for second round of settlement negotiations; discussed settlement negotiations with J. Carton; reviewed expert damage model and revised same; drafted email to Judge's law clerk re: three week extension of deadlines because of continued settlement negotiations; prepared motion to extend deadlines at Court's request; research re: Judge Underhill's class action settlements; research re: CUTPA settlements; | 9.25 | 5,318.75 | RJB |
| Mar-06-13 | Settlement conference with opposing counsel; conference with R. Berg re: same; | 10.00 | 5,750.00 | JIC |
|  | Prepared for and participated in settlement negotiations with J. Carton and defendant's counsel; | 10.00 | 5,750.00 | RJB |
| Mar-07-13 | Teleconference with opposing counsel; | 0.25 | 143.75 | JIC |

| | | | | |
|---|---|---|---|---|
| | Discussed settlement issues with J. Carton; research re: Judge Underhill's class action history;research re: CUPTA class action settlements; | 2.50 | 1,437.50 | RJB |
| Mar-08-13 | Research re: CUTPA class action settlements; | 3.75 | 2,156.25 | RJB |
| Mar-12-13 | Reviewed draft term sheet provided by defendants' counsel; analyzed same; discussed same with R.Berg; receive and review draft postcard notice; | 2.75 | 1,581.25 | JIC |
| | Reviewed draft term sheet provided by defendants' counsel; analyzed same; discussed same with J. Carton; receive and review draft postcard notice; | 2.75 | 1,581.25 | RJB |
| Mar-13-13 | Review Term sheet | 0.50 | 287.50 | RJB |
| Mar-14-13 | Review, edit and revise draft term sheet; conference with R. Berg re: same; | 1.50 | 862.50 | JIC |
| | Reviewed Carton mark up of term sheet; edited term sheet; conference with J. Carton re: same; | 1.50 | 862.50 | RJB |
| Mar-20-13 | Emails with opposing counsel; conference with R. Berg re: term sheet and drafting motion for preliminary approval; review models for same; | 2.75 | 1,581.25 | JIC |
| | Conference with J. Carton re: term sheet and settlement issues; | 2.75 | 1,581.25 | RJB |
| Mar-21-13 | Review revised draft term sheet; conference call with opposing counsel; conference with R. Berg re: same; | 0.75 | 431.25 | JIC |
| | Reviewed revised term sheet; discussed same with J. Carton; | 0.50 | 287.50 | RJB |
| Mar-22-13 | Email to Judge Underhill's clerk; review execution copy of term sheet; conference with R. Berg re: same; | 0.75 | 431.25 | JIC |
| | Reviewed and discussed finalized term sheet with J. Carton; | 0.50 | 287.50 | RJB |
| Mar-28-13 | Reviewed draft settlement agreement; | 1.50 | 862.50 | RJB |

| | | | | |
|---|---|---|---|---|
| Mar-29-13 | Review draft settlement agreement; conference with R. Berg; | 2.00 | 1,150.00 | JIC |
| | Reviewed and revised draft settlement agreement; discussed same with J. Carton; | 2.75 | 1,581.25 | RJB |
| Apr-01-13 | Reviewed and revised settlement agreement; | 2.25 | 1,293.75 | RJB |
| Apr-02-13 | Review/edit/revise draft settlement agreement; conference with R. Berg re: same; review summary and long form notice; | 2.50 | 1,437.50 | JIC |
| | Revised settlement agreement and discussed with J. Carton; | 2.00 | 1,150.00 | RJB |
| Apr-03-13 | Edit/revise draft settlement agreement and exhibits; conference with R. Berg re: same; | 3.50 | 2,012.50 | JIC |
| | Further revisions to settlement agreement; discussions with J. Carton re: same; | 4.00 | 2,300.00 | RJB |
| Apr-04-13 | Teleconference with opposing counsel; conference with R. Berg re: draft motion for preliminary approval; | 1.75 | 1,006.25 | JIC |
| | Conference call with J. Carton and defense counsel re: settlement agreement; discussed preparation of preliminary approval papers with J. Carton; researched and drafted motion for preliminary approval and supporting papers; | 9.75 | 5,606.25 | RJB |
| Apr-05-13 | Edit/revise draft motion for preliminary approval; review draft long form notice; | 3.50 | 2,012.50 | JIC |
| | Reviewed and researched preliminary approval papers and exhibits; | 9.25 | 5,318.75 | RJB |
| Apr-08-13 | Edit/revise draft memo of law in support of preliminary approval; edit/revise draft long form notice; review revised draft settlement agreement; conference call with opposing counsel re: same; | 5.00 | 2,875.00 | JIC |
| | Drafted and revised motion for preliminary approval papers, research re: same; | 9.25 | 5,318.75 | RJB |
| Apr-09-13 | Continue edits/revisions to draft memo of law; emails with opposing counsel; | 3.00 | 1,725.00 | JIC |

| Date | Description | Hours | Amount | Atty |
|------|-------------|-------|--------|------|
| | Drafted and revised preliminary approval papers; | 8.75 | 5,031.25 | RJB |
| Apr-10-13 | Drafted and revised preliminary approval papers; reviewed draft settlement papers and exhibits and revised same; | 8.75 | 5,031.25 | RJB |
| Apr-11-13 | Teleconference with D. Blouin; conference with R. Berg; edit/revise draft settlement agreement and accompanying exhibits; edit/revise draft long-form notice; | 4.75 | 2,731.25 | JIC |
| | Meeting with J. Carton to go over preliminary approval papers; research re: same; revised same; | 9.25 | 5,318.75 | RJB |
| Apr-12-13 | Teleconference with Court re: hearing date; emails with opposing counsel; review revised draft agreement and exhibits; conference with R. Berg re: same; emails with client re: execution and review of final draft; | 4.00 | 2,300.00 | JIC |
| | Reviewed final draft settlement agreement; drafted papers in support of motion for preliminary approval; | 8.50 | 4,887.50 | RJB |
| Apr-15-13 | Teleconference with client; obtain and forward to opposing counsel executed signature page; | 0.75 | 431.25 | JIC |
| | Drafted preliminary approval brief and research re: same; | 6.25 | 3,593.75 | RJB |
| Apr-16-13 | Continued review and revisions to draft brief in support of motion for preliminary approval; conference with R. Berg re: same; | 2.75 | 1,581.25 | JIC |
| | Revised preliminary approval papers and exhibits; conference with J. Carton re: same; | 7.25 | 4,168.75 | RJB |
| Apr-17-13 | Revise draft brief; multiple emails with opposing counsel re: filing; | 3.50 | 2,012.50 | JIC |
| | Revised preliminary approval papers; discussed same with J. Carton; discussed D. Blouin's suggestion to postpone preliminary approval date; | 9.50 | 5,462.50 | RJB |
| Apr-18-13 | Finalize preliminary approval papers; conference with R. Berg re: same; teleconference with H. Lussier; ECF file motion for preliminary approval; | 3.50 | 2,012.50 | JIC |

|  |  |  |  |  |
|---|---|---|---|---|
|  | teleconference with Court deputy clerk; emails with opposing counsel; |  |  |  |
|  | Reviewed defendant's redlined version of preliminary approval papers; discussed same with J. Carton; conference call with defense counsel re: same; reviewed final draft for filing; | 6.50 | 3,737.50 | RJB |
| Apr-19-13 | Prepared for preliminary approval hearing; | 1.50 | 862.50 | RJB |
| Apr-22-13 | Review summary notice draft; preparation for motion for preliminary approval; | 2.50 | 1,437.50 | JIC |
|  | Prepared for preliminary approval hearing; | 1.25 | 718.75 | RJB |
| Apr-23-13 | Preliminary approval hearing with Judge Underhill; conference with R. Berg re: same; prepare summary of talking points; emails with court re: proposed Order; | 4.75 | 2,731.25 | JIC |
|  | Prepared for and attended preliminary approval hearing with J. Carton; | 5.00 | 2,875.00 | RJB |
| May-02-13 | Review final drafts of summary and long form notices and publication notice; | 1.50 | 862.50 | JIC |
|  | Reviewed class notice documents, web site and IVR script language provided by defense counsel; | 1.50 | 862.50 | RJB |
| May-03-13 | Review/edit/revise final summary and long form notices and website FAQ's; conference with R. Berg re: same; | 1.50 | 862.50 | JIC |
|  | Reviewed and revised and corrected notice language, web site content; IVR script; discussed same with J. Carton; emailed revisions and comments to defense counsel; | 2.75 | 1,581.25 | RJB |
| May-06-13 | Review ECF posting re: CAFA compliance by defendant; | 0.25 | 143.75 | JIC |
|  | Telephone call with D. Blouin regarding finalizing web site materials; reviewed defendant's CAFA compliance letter; | 0.50 | 287.50 | RJB |
| May-17-13 | Teleconference with client re: potential press inquiries; review class member | 0.75 | 431.25 | JIC |

| | correspondence; conference with R. Berg; review live settlement website; | | | |
|---|---|---|---|---|
| | Drafted affidavit in support of final approval of settlement and attorney's fees; | 5.25 | 3,018.75 | RJB |
| May-21-13 | Work on affidavit in support of final approval and attorney's fees; | 3.25 | 1,868.75 | RJB |
| May-23-13 | Work on affidavit in support of final approval and attorney's fees; | 2.25 | 1,293.75 | RJB |
| May-29-13 | Review correspondence from class members; review draft exhibits for final approval; | 1.50 | 862.50 | JIC |
| | Reviewed objection to settlement filed by Joel Levy; discussed same with J. Carton; work on affidavit in support of settlement; | 3.25 | 1,868.75 | RJB |
| May-30-13 | Email to class member re: settlement; | 0.10 | 57.50 | RJB |
| May-31-13 | Review opt-outs and class members' correspondence regarding same; | 1.00 | 575.00 | JIC |
| | Reviewed opt-out list; | 0.25 | 143.75 | RJB |
| Jun-06-13 | Email exchange with class member; | 0.10 | 57.50 | RJB |
| Jun-11-13 | Reviewed updated opt-out list; email to class member; discussed same with J. Carton; | 0.25 | 143.75 | RJB |
| Jun-12-13 | Review opt-outs correspondence; conference with R. Berg re: final approval hearing brief; | 1.00 | 575.00 | JIC |
| | Prepared affidavit in support of final approval; discussed; preparation of final approval brief with J. Carton; Telephone conference with class member re: settlement; | 3.75 | 2,156.25 | RJB |
| Jun-13-13 | Review opt-outs to settlement; conference with R. Berg re: final approval papers; | 1.50 | 862.50 | JIC |
| | Email to class member re: settlement; prepared affidavit in support of final approval; discussed preparation of final approval papers with J. Carton; | 6.25 | 3,593.75 | RJB |
| Jun-18-13 | Review additional opt-outs and correspondence from class members; | 2.50 | 1,437.50 | JIC |

|  |  |  |  |  |
|---|---|---|---|---|
|  | conference with R. Berg re: final approval brief; |  |  |  |
|  | Work on affidavit in support of final approval; research for brief on final approval; conference with J. Carton re: same; | 7.50 | 4,312.50 | RJB |
| Jun-19-13 | Drafted affidavit in support of final approval; research re: supporting brief; | 5.25 | 3,018.75 | RJB |
| Jun-20-13 | Work on affidavit in support of settlement; | 4.50 | 2,587.50 | RJB |
| Jun-24-13 | Drafted affidavit in support of final approval; work on brief; | 6.50 | 3,737.50 | RJB |
| Jun-26-13 | Review updated opt-out report and class members' correspondence; conference with R. Berg re: same; | 0.75 | 431.25 | JIC |
|  | Reviewed opt-out list; work on brief and affidavit; | 5.25 | 3,018.75 | RJB |
| Jun-27-13 | Work on brief and affidavit; | 3.50 | 2,012.50 | RJB |
| Jul-01-13 | Reviewed opt out list; work on affidavit; | 4.25 | 2,443.75 | RJB |
| Jul-02-13 | Review additional opt-outs; edit/revise draft affirmation; review emails with class administrator; conference with R. Berg; | 4.50 | 2,587.50 | JIC |
|  | Discussed affidavit with J. Carton; work on brief; | 5.25 | 3,018.75 | RJB |
| Jul-08-13 | Edit/revise draft affirmation;conference with R. Berg regarding draft memo of law; | 4.50 | 2,587.50 | JIC |
| Jul-09-13 | Work on final approval and fee brief; | 8.00 | 4,600.00 | RJB |
| Jul-10-13 | Work on final approval and fee brief; | 6.00 | 3,450.00 | RJB |
| Jul-11-13 | Edit/revise draft affirmation; conference with R. Berg regarding same; | 3.75 | 2,156.25 | JIC |
|  | Work on final approval and fee brief; | 5.25 | 3,018.75 | RJB |
| Jul-12-13 | Continue review/draft affirmation; | 3.00 | 1,725.00 | JIC |
|  | Work on final approval and fee brief; | 4.25 | 2,443.75 | RJB |

| Jul-15-13 | Edit/revise draft brief in support of final approval; teleconference with D. Blouin; emails with opposing counsel; | 2.75 | 1,581.25 | JIC |
|---|---|---|---|---|
| Jul-16-13 | Continue edits/revisions to draft brief and affidavit; conference with R. Berg re: same; review/edit draft final approval order; | 2.50 | 1,437.50 | JIC |
|  | Revise brief; research for same; | 1.50 | 862.50 | RJB |
| Jul-17-13 | Continued edits to brief and affidavit; conference with R.. Berg re: same; forward working drafts to opposing counsel; | 2.75 | 1,581.25 | JIC |
|  | Prepare final approval papers; | 1.75 | 1,006.25 | RJB |
| Jul-18-13 | Prepare final approval papers; | 2.25 | 1,293.75 | RJB |
| Jul-19-13 | Research re: final approval brief | 1.25 | 718.75 | RJB |
| | Totals | 537.95 | $309,321.25 | |

**FEE SUMMARY:**

| Lawyer | Hours | Effective Rate | Amount |
|---|---|---|---|
| Jeffrey Carton | 154.75 | $575.00 | $88,981.25 |
| Robert J. Berg | 383.20 | $575.00 | $220,340.00 |

**DISBURSEMENTS**

| Jul-16-13 | Lexis Nexis/Legal Research | 4,235.67 |
|---|---|---|
|  | Pacer Research | 266.00 |
|  | Postage/Federal Express | 203.45 |
|  | Travel/Parking/Tolls | 324.53 |
|  | Photocopying | 627.60 |
|  | Anchin/Expert Services | 6,186.25 |
|  | Totals | $11,843.50 |

| **Total Fee & Disbursements** | **$321,164.75** |
|---|---|
| **Balance Now Due** | **$321,164.75** |

# SUMMARY OF EXPENSES AND ATTORNEY TIME

## EXPENSES:

| | |
|---|---|
| Meiselman, Denlea, Packman Carton & Eberz P.C. (MDPCE) | $26,760.26 |
| Denlea & Carton LLP (D&C) | $11,843.50 |
| **TOTAL EXPENSES:** | **$38,603.76** |

## ATTORNEY TIME:

| | |
|---|---|
| Todd S. Garber | 274.60 *(Total Hours)* |
| Jeffrey I. Carton | 137.00 (MDPCE) |
| | 150.75 (D&C) |
| | 287.75 *(Total Hours)* |
| Robert J. Berg | 937.00 (MDPCE) |
| | 268.60 (D&C) |
| | 1,205.60 *(Total Hours)* |
| Christa Ronci (Paralegal) | 17.00 (Total Hours) |
| **TOTAL TIME:** | **1,784.95 (Hours)** |
| **TOTAL AMOUNT:** | **$1,004,966.25** |